APPEAL,CLOSED,TYPE−E

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:18−cv−02260−TJK</u>

RURAL EMPOWERMENT ASSOCIATION FOR
COMMUNITY HELP v. et al UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY et al
Assigned to: Judge Timothy J. Kelly
 Case:  1:18−cv−02135−ABJ
Cause: 05:702 Administrative Procedure Act

Date Filed: 09/28/2018
Date Terminated: 08/07/2025
Jury Demand: None
Nature of Suit: 899 Administrative
Procedure Act/Review or Appeal of
Agency Decision
Jurisdiction: U.S. Government Defendant

**<u>Plaintiff</u>**

**RURAL EMPOWERMENT
ASSOCIATION FOR COMMUNITY
HELP**

represented by **Carrie F. Apfel**
EARTHJUSTICE
1001 G Street, NW
Suite 1000
Washington, DC 20001
202−797−4310
Email: capfel@earthjustice.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan James Smith**
EARTHJUSTICE
48 Wall Street
15th Floor
New York, NY 10005
212−845−7379
Fax: 212−918−1556
Email: jjsmith@earthjustice.org
*ATTORNEY TO BE NOTICED*

**Kara Goad**
EARTHJUSTICE
1001 G Street, NW
Suite 1000
Washington, DC 20001
212−823−4979
Email: kgoad@earthjustice.org
*ATTORNEY TO BE NOTICED*

**Peter Lehner**
EARTHJUSTICE
48 Wall Street
15th Floor
New York, NY 10005
(212) 845−7389
Email: plehner@earthjustice.org

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ANIMAL LEGAL DEFENSE FUND, INC.**    represented by    **Carrie F. Apfel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan James Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kara Goad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Lehner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CENTER FOR FOOD SAFETY**    represented by    **Carrie F. Apfel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan James Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kara Goad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Lehner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**DON'T WASTE ARIZONA**    represented by    **Carrie F. Apfel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan James Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kara Goad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Lehner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ENVIRONMENTAL INTEGRITY PROJECT**

represented by **Carrie F. Apfel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan James Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kara Goad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Lehner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**FOOD & WATER WATCH, INC.**

represented by **Carrie F. Apfel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan James Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kara Goad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Lehner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**HUMANE SOCIETY OF THE UNITED STATES**

represented by **Carrie F. Apfel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan James Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kara Goad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Lehner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SIERRA CLUB**                              represented by   **Carrie F. Apfel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan James Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kara Goad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Lehner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SOUND RIVERS**                             represented by   **Carrie F. Apfel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan James Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kara Goad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Lehner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**WATERKEEPER ALLIANCE, INC.**               represented by   **Carrie F. Apfel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan James Smith**

4

(See above for address)
*ATTORNEY TO BE NOTICED*

**Kara Goad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Lehner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CENTER FOR BIOLOGICAL
DIVERSITY**                          represented by  **Kara Goad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Carrie F. Apfel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALL PLAINTIFFS**                   represented by  **Alexis Andiman**
EARTHJUSTICE
48 Wall Street
19th Floor
New York, NY 10005
212−845−7394
Email: aandiman@earthjustice.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carrie F. Apfel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kara Goad**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**UNITED STATES
ENVIRONMENTAL PROTECTION
AGENCY**                             represented by  **Meghan E. Greenfield**
U.S. DEPARTMENT OF JUSTICE
P.O. Box 7611
Washington, DC 20044
(202) 514−2795
Fax: (202) 514−8865

Email: MGreenfield@jenner.com
*TERMINATED: 05/22/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Izfar**
U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources
Division
P.O. Box 7611
Washington, DC 20044−7611
202−532−3050
Fax: 202−514−8865
Email: sarah.izfar@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Vanessa Ruth Waldref**
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
202−514−2741
Email: vwaldref@singletonschreiber.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Erica M. Zilioli**
U.S. ARMY CORPS OF ENGINEERS
Envionment & Natural Resources Division
441 G Street, NW
Washington, DC 20314
202−761−0532
Email: erica.m.zilioli@usace.army.mil
*TERMINATED: 09/10/2020*

**Defendant**

**ANDREW WHEELER**                    represented by    **Meghan E. Greenfield**
*Acting Administrator, U.S. Environmental*                (See above for address)
*Protection Agency*                                        *TERMINATED: 05/22/2024*
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                          **Sarah Izfar**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Vanessa Ruth Waldref**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Erica M. Zilioli**
(See above for address)
*TERMINATED: 09/10/2020*

V.

**Intervenor Defendant**

**NATIONAL CATTLEMEN'S BEEF ASSOCIATION**

represented by **David Chung**
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, NW
1001 Pennsylvania Avenue, NW
Washington, DC 20004
202−624−2587
Email: dchung@crowell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth Dawson**
CROWELL & MORING LLP
1001 Pennsylvania Ave. NW
Washington, DC 20004
202−624−2508
Email: edawson@crowell.com
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**NATIONAL PORK PRODUCERS COUNCIL**

represented by **David Chung**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth Dawson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**AMERICAN FARM BUREAU FEDERATION**

represented by **David Chung**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth Dawson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**U.S. POULTRY & EGG ASSOCIATION**

represented by **David Chung**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth Dawson**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/28/2018 | 1 | COMPLAINT against ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY ( Filing fee $ 400 receipt number 0090−5712193) filed by FOOD & WATER WATCH, INC., CENTER FOR FOOD SAFETY, HUMANE SOCIETY OF THE UNITED STATES, SOUND RIVERS, ANIMAL LEGAL DEFENSE FUND, INC., SIERRA CLUB, DONT WASTE ARIZONA, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, WATERKEEPER ALLIANCE, INC., ENVIRONMENTAL INTEGRITY PROJECT. (Attachments: # 1 Exhibit 2017 EPCRA Exemption, # 2 Exhibit 2017 EPCRA Exemption, # 3 Exhibit 2017 EPCRA Q&A, # 4 Exhibit EPCRA Q&A, # 5 Exhibit FARM ACT Q&A, # 6 Exhibit Sen. Carper et al. Letter, # 7 Exhibit Aug. 30 2018 EPCRA Exemption, # 8 Civil Cover Sheet, # 9 Summons)(Apfel, Carrie) (Entered: 09/28/2018) |
| 09/28/2018 | 2 | Corporate Disclosure Statement by ANIMAL LEGAL DEFENSE FUND, INC., CENTER FOR FOOD SAFETY, DONT WASTE ARIZONA, ENVIRONMENTAL INTEGRITY PROJECT, FOOD & WATER WATCH, INC., HUMANE SOCIETY OF THE UNITED STATES, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, SIERRA CLUB, SOUND RIVERS, WATERKEEPER ALLIANCE, INC.. (Apfel, Carrie) (Entered: 09/28/2018) |
| 09/28/2018 | 3 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Jonathan J. Smith, :Firm− Earthjustice, :Address− 48 Wall Street, 15th Floor New York, NY 10005. Phone No. − 212−845−7379. Fax No. − 212−918−1556 Filing fee $ 100, receipt number 0090−5712315. Fee Status: Fee Paid. by ANIMAL LEGAL DEFENSE FUND, INC., CENTER FOR FOOD SAFETY, DONT WASTE ARIZONA, ENVIRONMENTAL INTEGRITY PROJECT, FOOD & WATER WATCH, INC., HUMANE SOCIETY OF THE UNITED STATES, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, SIERRA CLUB, SOUND RIVERS, WATERKEEPER ALLIANCE, INC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Apfel, Carrie) (Entered: 09/28/2018) |
| 10/02/2018 | | Case Assigned to Judge Timothy J. Kelly. (zsb) (Entered: 10/02/2018) |
| 10/04/2018 | 4 | SUMMONS (2) Issued Electronically as to ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Attachments: # 1 Notice and Consent)(zrdj) (Entered: 10/04/2018) |
| 10/16/2018 | 5 | NOTICE of Appearance by Meghan E. Greenfield on behalf of All Defendants (Greenfield, Meghan) (Entered: 10/16/2018) |
| 10/16/2018 | 6 | NOTICE OF RELATED CASE by ANIMAL LEGAL DEFENSE FUND, INC., CENTER FOR FOOD SAFETY, DON'T WASTE ARIZONA, ENVIRONMENTAL INTEGRITY PROJECT, FOOD & WATER WATCH, INC., HUMANE SOCIETY OF THE UNITED STATES, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, SIERRA CLUB, SOUND RIVERS, WATERKEEPER ALLIANCE, INC.. Case related to Case No. 1:18−cv−02135−ABJ. (Apfel, Carrie) |

| | | |
|---|---|---|
| | | (Entered: 10/16/2018) |
| 10/17/2018 | | MINUTE ORDER granting Plaintiffs' 3 Motion for Leave to Appear Pro Hac Vice. Attorney Jonathan J. Smith is hereby admitted pro hac vice to appear in this matter. Signed by Judge Timothy J. Kelly on 10/17/2018. (lctjk1) (Entered: 10/17/2018) |
| 10/19/2018 | 7 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ANDREW WHEELER served on 10/15/2018; UNITED STATES ENVIRONMENTAL PROTECTION AGENCY served on 10/15/2018 (Attachments: # 1 Exhibit)(Apfel, Carrie) (Entered: 10/19/2018) |
| 10/19/2018 | 8 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 10/16/2018. Answer due for ALL FEDERAL DEFENDANTS by 12/15/2018. (Attachment: # 1 Exhibit)(Apfel, Carrie); Modified text on 10/24/2018 (tth). (Entered: 10/19/2018) |
| 10/19/2018 | 9 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 10/16/2018. (Attachments: # 1 Exhibit)(Apfel, Carrie) (Entered: 10/19/2018) |
| 10/19/2018 | | Set/Reset Deadlines: Answer due by 12/15/2018. (tth) (Entered: 10/24/2018) |
| 10/29/2018 | 10 | MOTION for Summary Judgment by ANIMAL LEGAL DEFENSE FUND, INC., CENTER FOR FOOD SAFETY, DON'T WASTE ARIZONA, ENVIRONMENTAL INTEGRITY PROJECT, FOOD & WATER WATCH, INC., HUMANE SOCIETY OF THE UNITED STATES, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, SIERRA CLUB, SOUND RIVERS, WATERKEEPER ALLIANCE, INC. (Attachments: # 1 Text of Proposed Order, # 2 Declaration Declaration of Carrie Apfel with Exhibits 1 − 18)(Apfel, Carrie) (Entered: 10/29/2018) |
| 10/30/2018 | 11 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Peter Lehner, :Firm− Earthjustice, :Address− 48 Wall Street, 15th Floor New York, NY 10005. Phone No. − 212−845−7376. Fax No. − 212−918−1556 Filing fee $ 100, receipt number 0090−5764391. Fee Status: Fee Paid. by ANIMAL LEGAL DEFENSE FUND, INC., CENTER FOR FOOD SAFETY, DON'T WASTE ARIZONA, ENVIRONMENTAL INTEGRITY PROJECT, FOOD & WATER WATCH, INC., HUMANE SOCIETY OF THE UNITED STATES, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, SIERRA CLUB, SOUND RIVERS, WATERKEEPER ALLIANCE, INC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Apfel, Carrie) (Entered: 10/30/2018) |
| 10/31/2018 | | MINUTE ORDER granting Plaintiffs' 11 Motion for Leave to Appear Pro Hac Vice. Attorney Peter Lehner is hereby admitted pro hac vice to appear in this matter. Signed by Judge Timothy J. Kelly on 10/31/2018. (lctjk1) (Entered: 10/31/2018) |
| 11/08/2018 | 12 | Consent MOTION for Extension of Time to File Response/Reply as to 10 MOTION for Summary Judgment by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY (Attachments: # 1 Text of Proposed Order)(Greenfield, Meghan) (Entered: 11/08/2018) |
| 11/08/2018 | | MINUTE ORDER granting Defendants' 12 Consent Motion for an Extension of Time. It is hereby ORDERED that Defendants shall respond to Plaintiffs' Motion for Summary Judgment by December 4, 2018. Signed by Judge Timothy J. Kelly on 11/8/2018. (lctjk1) (Entered: 11/08/2018) |
| 11/08/2018 | 13 | |

| | | |
|---|---|---|
| | | NOTICE of Appearance by Erica M. Zilioli on behalf of ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY (Zilioli, Erica) (Entered: 11/08/2018) |
| 11/29/2018 | 14 | MOTION to Stay re 10 MOTION for Summary Judgment , Consent MOTION for Briefing Schedule *for Cross−Motions for Summary Judgment* by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY (Attachments: # 1 Text of Proposed Order)(Greenfield, Meghan) (Entered: 11/29/2018) |
| 12/13/2018 | 15 | Memorandum in opposition to re 14 MOTION to Stay re 10 MOTION for Summary Judgment Consent MOTION for Briefing Schedule *for Cross−Motions for Summary Judgment* filed by ANIMAL LEGAL DEFENSE FUND, INC., CENTER FOR FOOD SAFETY, DON'T WASTE ARIZONA, ENVIRONMENTAL INTEGRITY PROJECT, FOOD & WATER WATCH, INC., HUMANE SOCIETY OF THE UNITED STATES, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, SIERRA CLUB, SOUND RIVERS, WATERKEEPER ALLIANCE, INC.. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2)(Apfel, Carrie) (Entered: 12/13/2018) |
| 12/17/2018 | 16 | ANSWER to Complaint by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY.(Greenfield, Meghan) (Entered: 12/17/2018) |
| 12/20/2018 | 17 | REPLY to opposition to motion re 14 MOTION to Stay re 10 MOTION for Summary Judgment Consent MOTION for Briefing Schedule *for Cross−Motions for Summary Judgment* filed by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Greenfield, Meghan) (Entered: 12/20/2018) |
| 12/31/2018 | 18 | Consent MOTION to Stay *Case Due To Lapse In Appropriations* by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY (Greenfield, Meghan) (Entered: 12/31/2018) |
| 12/31/2018 | | MINUTE ORDER granting Defendant's 18 Consent Motion to Stay. This case is hereby STAYED until further order of the Court. Signed by Judge Timothy J. Kelly on 12/31/2018. (lctjk1) (Entered: 12/31/2018) |
| 01/29/2019 | 19 | NOTICE *THAT APPROPRIATIONS HAVE BEEN RESTORED* by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY (Greenfield, Meghan) (Entered: 01/29/2019) |
| 01/30/2019 | | MINUTE ORDER: In light of Defendant's 19 Notice, it is hereby ORDERED that the stay in this case is LIFTED. (lctjk1) (Entered: 01/30/2019) |
| 02/08/2019 | 20 | ADMINISTRATIVE RECORD by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Attachments: # 1 Declaration Certification of Admin Record, # 2 Index for FARM Act Interpretation, # 3 Index for Routine Ag Ops Interpretation)(Greenfield, Meghan) (Entered: 02/08/2019) |
| 03/08/2019 | 21 | Consent MOTION for Briefing Schedule by ANIMAL LEGAL DEFENSE FUND, INC., CENTER FOR FOOD SAFETY, DON'T WASTE ARIZONA, ENVIRONMENTAL INTEGRITY PROJECT, FOOD & WATER WATCH, INC., HUMANE SOCIETY OF THE UNITED STATES, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, SIERRA CLUB, SOUND RIVERS, WATERKEEPER ALLIANCE, INC. (Attachments: # 1 Text of Proposed Order |

| | | |
|---|---|---|
| | | Proposed Order Amending Proposed Briefing Schedule)(Apfel, Carrie) (Entered: 03/08/2019) |
| 03/11/2019 | | MINUTE ORDER denying Defendants' 14 Motion to Stay. Upon consideration of the parties' submissions (ECF Nos. 14, 15, 17), the Court concludes in its discretion that a stay is not warranted. It is further ORDERED that, in light of the parties' dispute over the administrative record, the deadline for Defendant to oppose Plaintiffs' 10 Motion for Summary Judgment is hereby VACATED. The parties shall file a joint status report by March 25, 2019 updating the Court on the status of the administrative record in this case. Signed by Judge Timothy J. Kelly on 3/11/2019. (lctjk1) (Entered: 03/11/2019) |
| 03/25/2019 | 22 | Joint STATUS REPORT by ANIMAL LEGAL DEFENSE FUND, INC., CENTER FOR FOOD SAFETY, DON'T WASTE ARIZONA, ENVIRONMENTAL INTEGRITY PROJECT, FOOD & WATER WATCH, INC., HUMANE SOCIETY OF THE UNITED STATES, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, SIERRA CLUB, SOUND RIVERS, WATERKEEPER ALLIANCE, INC.. (Apfel, Carrie) (Entered: 03/25/2019) |
| 04/01/2019 | 23 | ADMINISTRATIVE RECORD *REVISED* by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Attachments: # 1 Affidavit, # 2 Index for Routine Agricultural Operations Guidance, # 3 Index for FARM Act Guidance)(Greenfield, Meghan) (Entered: 04/01/2019) |
| 04/03/2019 | | MINUTE ORDER: In light of the parties' 22 Joint Status Report and Defendant's 23 Revised Certified Indices to the Administrative Record, it is hereby ORDERED that Plaintiffs shall file any motion to complete the record by April 15, 2019. Signed by Judge Timothy J. Kelly on 4/3/2019. (lctjk1) (Entered: 04/03/2019) |
| 04/03/2019 | | Set/Reset Deadlines: Any motions to complete the record due by 4/15/2019. (kh) (Entered: 04/03/2019) |
| 04/15/2019 | 24 | MOTION to Compel *Completion of Administrative Record* by ANIMAL LEGAL DEFENSE FUND, INC., CENTER FOR FOOD SAFETY, DON'T WASTE ARIZONA, ENVIRONMENTAL INTEGRITY PROJECT, FOOD & WATER WATCH, INC., HUMANE SOCIETY OF THE UNITED STATES, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, SIERRA CLUB, SOUND RIVERS, WATERKEEPER ALLIANCE, INC. (Attachments: # 1 Errata Oct 2017 EPCRA Exemption, # 2 Exhibit EPA USDA Reference Guide, # 3 Errata EPA Checklist, # 4 Exhibit EPCRA Reporting Guidance Part 1, # 5 Exhibit EPCRA Reporting Guidance Part 2, # 6 Exhibit Continuous Release Form I, # 7 Exhibit Continuous Release Form II.A, # 8 Exhibit Continuous Release Form II.B, # 9 Exhibit Continuous Release form II.C, # 10 Exhibit Continuous Release Form III, # 11 Exhibit CR−ERNS Report Page 1, # 12 Exhibit CR−ERNS Report Page 2, # 13 Exhibit CR−ERNS Contacts, # 14 Exhibit Dairy Report Worksheet, # 15 Exhibit Swine Report Worksheet, # 16 Exhibit Poultry Report Worksheet, # 17 Exhibit Ammonia Estimator General, # 18 Exhibit Ammonia Estimator Swine, # 19 Exhibit Ammonia Estimator Cattle, # 20 Exhibit Nov 2017 EPCRA Exemption, # 21 Exhibit Apr 2018 EPCRA Exemption, # 22 Exhibit July 2018 EPCRA Exemption, # 23 Exhibit EPA Vacatur Response, # 24 Exhibit August 2018 EPCRA Exemption, # 25 Exhibit EPA, When are you required to report a release?, # 26 Exhibit EPA, What information is needed when reporting?, # 27 Exhibit Oct 2018 EPCRA Exemption, # 28 Exhibit Nov 2018 EPCRA Exemption, # 29 Exhibit NASTTPO Letter, # 30 Exhibit Feb 2019 EPCRA Exemption, # 31 Exhibit FARM Act Rule Fall 2018 Reg Agenda, # 32 |

| | | |
|---|---|---|
| | | Exhibit Routine Ag Rule Fall 2018 Reg Agenda, # 33 Exhibit EPA Resp. to Comments, # 34 Exhibit Talking Points Email, # 35 Exhibit Oct 6 2017 OMB Email, # 36 Exhibit Oct 16 2017 OMB Email, # 37 Exhibit Oct 24 2017 OMB Email, # 38 Exhibit Apr 18 2018 OMB Email, # 39 Exhibit Sen. Carper Letter, # 40 Exhibit M. Greenfield Email, # 41 Text of Proposed Order)(Apfel, Carrie) (Entered: 04/15/2019) |
| 04/16/2019 | 25 | Consent MOTION for Extension of Time to File Response/Reply as to 24 MOTION to Compel *Completion of Administrative Record* by UNITED STATES ENVIRONMENTAL PROTECTION AGENCY (Greenfield, Meghan) (Entered: 04/16/2019) |
| 04/17/2019 | | MINUTE ORDER granting the parties' 25 Consent Motion for Extension of Time. It is hereby ORDERED that Defendants shall respond to Plaintiffs' 24 Motion to Compel by May 9, 2019 and Plaintiffs shall reply to Defendants' response by May 21, 2019. Signed by Judge Timothy J. Kelly on 4/17/2019. (lctjk1) (Entered: 04/17/2019) |
| 05/09/2019 | 26 | RESPONSE re 24 MOTION to Compel *Completion of Administrative Record* filed by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Greenfield, Meghan) (Entered: 05/09/2019) |
| 05/21/2019 | 27 | REPLY to opposition to motion re 24 MOTION to Compel *Completion of Administrative Record* filed by ANIMAL LEGAL DEFENSE FUND, INC., CENTER FOR FOOD SAFETY, DON'T WASTE ARIZONA, ENVIRONMENTAL INTEGRITY PROJECT, FOOD & WATER WATCH, INC., HUMANE SOCIETY OF THE UNITED STATES, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, SIERRA CLUB, SOUND RIVERS, WATERKEEPER ALLIANCE, INC.. (Apfel, Carrie) (Entered: 05/21/2019) |
| 07/01/2019 | 28 | Unopposed MOTION to Amend/Correct 1 Complaint,, by ANIMAL LEGAL DEFENSE FUND, INC., CENTER FOR FOOD SAFETY, DON'T WASTE ARIZONA, ENVIRONMENTAL INTEGRITY PROJECT, FOOD & WATER WATCH, INC., HUMANE SOCIETY OF THE UNITED STATES, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, SIERRA CLUB, SOUND RIVERS, WATERKEEPER ALLIANCE, INC. (Attachments: # 1 Exhibit Att 1− Proposed Supplemental Complaint, # 2 Exhibit Ex. 1 − EPCRA Exemption, # 3 Exhibit Ex. 2 − Final Rule, # 4 Exhibit Ex. 3 − 2017 EPCRA Exemption, # 5 Exhibit Ex. 4 − 2017 EPCRA Q&A, # 6 Exhibit Ex. 5 − EPCRA Q&A, # 7 Exhibit Ex. 6 − FARM Act Q&A, # 8 Exhibit Ex. 7 − Proposed Rule, # 9 Exhibit Ex. 8.1 − Earthjustice Comments with Exs. 1−2, # 10 Exhibit Ex. 8.2− Earthjustice Comments Ex. 3, # 11 Exhibit Ex. 8.3− Earthjustice Comments Exs. 4−10, # 12 Exhibit Ex. 8.4− Earthjustice Comments Exs. 11−30, # 13 Exhibit Ex. 8.5− Earthjustice Comments Exs. 31−47, # 14 Exhibit Ex. 9 − CBD Comments, # 15 Exhibit Ex. 10 − Senators' Letter, # 16 Exhibit Ex. 11 − August 30, 2018 EPCRA Exemption, # 17 Exhibit Ex. 12 − June 13, 2019 EPCRA Exemption, # 18 Exhibit Att 2 − Redlined Complaint)(Apfel, Carrie) (Entered: 07/01/2019) |
| 07/03/2019 | | MINUTE ORDER: Plaintiffs have filed a 28 Motion to Amend/Correct Complaint. Defendants do not oppose the motion. Whether to grant leave to amend "is entrusted to the sound discretion of the district court." *Hajjar−Nejad v. George Wash. Univ.*, 802 F. Supp. 2d 166, 173 (D.D.C. 2011). Generally, motions to amend or supplement pleadings should be "freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." *Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006). Upon |

| | | |
|---|---|---|
| | | consideration of these factors, it is hereby ORDERED that Plaintiffs' <u>28</u> Motion is GRANTED. Plaintiffs shall file a First Amended Complaint consistent with the Proposed Supplemental Complaint, ECF No. 28−1, by July 10, 2019. In light of the filing of a new operative pleading, it is FURTHER ORDERED that Plaintiffs' <u>10</u> Motion for Summary Judgment and <u>24</u> Motion to Compel Completion of the Administrative Record are DENIED as MOOT, without prejudice, and Defendants' <u>14</u> <u>21</u> Motions for Briefing Schedules related to those motions are DENIED as MOOT. Signed by Judge Timothy J. Kelly on 7/3/2019. (lctjk1) (Entered: 07/03/2019) |
| 07/09/2019 | <u>29</u> | AMENDED COMPLAINT against All Defendants filed by FOOD & WATER WATCH, INC., CENTER FOR FOOD SAFETY, HUMANE SOCIETY OF THE UNITED STATES, SOUND RIVERS, ANIMAL LEGAL DEFENSE FUND, INC., SIERRA CLUB, DON'T WASTE ARIZONA, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, WATERKEEPER ALLIANCE, INC., ENVIRONMENTAL INTEGRITY PROJECT, CENTER FOR BIOLOGICAL DIVERSITY. (Attachments: # <u>1</u> Exhibit Ex. 1 − EPCRA Exemption, # <u>2</u> Exhibit Ex. 2 − Final Rule, # <u>3</u> Exhibit Ex. 3 − 2017 EPCRA Exemption, # <u>4</u> Exhibit Ex. 4 − 2017 EPCRA Q&A, # <u>5</u> Exhibit Ex. 5 − EPCRA Q&A, # <u>6</u> Exhibit Ex. 6 − FARM Act Q&A, # <u>7</u> Exhibit Ex. 7 − Proposed Rule, # <u>8</u> Exhibit Ex. 8.1 − Earthjustice Comments with Exs. 1−2, # <u>9</u> Exhibit Ex. 8.2− Earthjustice Comments Ex. 3, # <u>10</u> Exhibit Ex. 8.3− Earthjustice Comments Exs. 4−10, # <u>11</u> Exhibit Ex. 8.4− Earthjustice Comments Exs. 11−30, # <u>12</u> Exhibit Ex. 8.5− Earthjustice Comments Exs. 31−47, # <u>13</u> Exhibit Ex. 9 − CBD Comments, # <u>14</u> Exhibit Ex. 10 − Senators' Letter, # <u>15</u> Exhibit Ex. 11 − August 30, 2018 EPCRA Exemption, # <u>16</u> Exhibit Ex. 12 − June 13, 2019 EPCRA Exemption)(Apfel, Carrie) (Entered: 07/09/2019) |
| 07/23/2019 | <u>30</u> | MOTION to Dismiss , MOTION to Dismiss for Lack of Jurisdiction by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY (Attachments: # <u>1</u> Exhibit A − Declaration)(Greenfield, Meghan) (Entered: 07/23/2019) |
| 07/23/2019 | <u>31</u> | Consent MOTION for Extension of Time to *File Administrative Records*, Consent MOTION for Extension of Time to File Response/Reply as to <u>30</u> MOTION to Dismiss MOTION to Dismiss for Lack of Jurisdiction by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY (Greenfield, Meghan) (Entered: 07/23/2019) |
| 07/24/2019 | | MINUTE ORDER granting Defendants' <u>31</u> Consent Motion for Extension of Time. It is hereby ORDERED that Defendants shall file the certified indices to the administrative record by August 6, 2019, and Plaintiffs shall file their response to Defendants' <u>30</u> Motion to Dismiss by August 20, 2019. Signed by Judge Timothy J. Kelly on 7/24/2019. (lctjk1) (Entered: 07/24/2019) |
| 08/05/2019 | <u>32</u> | ADMINISTRATIVE RECORD by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Attachments: # <u>1</u> Index for Guidance Documents, # <u>2</u> Index for FARM Act Rule)(Greenfield, Meghan) (Entered: 08/05/2019) |
| 08/20/2019 | <u>33</u> | STRICKEN PURSUANT TO MINUTE ORDER FILED ON 09/03/2019.....RESPONSE re <u>30</u> MOTION to Dismiss MOTION to Dismiss for Lack of Jurisdiction filed by ANIMAL LEGAL DEFENSE FUND, INC., CENTER FOR BIOLOGICAL DIVERSITY, CENTER FOR FOOD SAFETY, DON'T WASTE ARIZONA, ENVIRONMENTAL INTEGRITY PROJECT, FOOD & WATER WATCH, INC., HUMANE SOCIETY OF THE UNITED STATES, RURAL |

| | | |
|---|---|---|
| | | EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, SIERRA CLUB, SOUND RIVERS, WATERKEEPER ALLIANCE, INC.. (Attachments: # 1 Exhibit Ex. 1 − January 12, 2018 email chain, # 2 Exhibit Ex. 2 − March 16, 2018 email chain, # 3 Exhibit Ex. 3 − OLEM Communications Tracker, # 4 Exhibit Ex. 4 − Coal Combustion Residuals Rule Memo, # 5 Exhibit Ex. 5 − RIA)(Apfel, Carrie) Modified on 9/5/2019 (zjf). (Entered: 08/20/2019) |
| 08/21/2019 | 34 | Consent MOTION for Extension of Time to File Response/Reply as to 30 MOTION to Dismiss MOTION to Dismiss for Lack of Jurisdiction by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY (Greenfield, Meghan) (Entered: 08/21/2019) |
| 08/22/2019 | | MINUTE ORDER granting Defendants' 34 Consent Motion for Extension of Time. It is hereby ORDERED that Defendants shall file their reply in support of their 30 Motion to Dismiss by September 3, 2019. Signed by Judge Timothy J. Kelly on 8/22/2019. (lctjk1) (Entered: 08/22/2019) |
| 08/28/2019 | 35 | MOTION Seal ECF No. 33 re 33 Response to motion,, by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY (Greenfield, Meghan) Modified event on 8/29/2019 (znmw). (Entered: 08/28/2019) |
| 08/28/2019 | | MINUTE ORDER: It is hereby ORDERED that by August 29, 2019, at 9:00 a.m., Plaintiffs shall file a response to Defendants' 35 Motion to Seal, which requests a temporary sealing of Plaintiffs' 33 Response to Defendants' Motion to Dismiss while the parties confer on the status of the material in question. Signed by Judge Timothy J. Kelly on 8/28/2019. (lctjk1) (Entered: 08/28/2019) |
| 08/28/2019 | 36 | RESPONSE re 35 MOTION Seal ECF No. 33 re 33 Response to motion,, filed by ANIMAL LEGAL DEFENSE FUND, INC., CENTER FOR BIOLOGICAL DIVERSITY, CENTER FOR FOOD SAFETY, DON'T WASTE ARIZONA, ENVIRONMENTAL INTEGRITY PROJECT, FOOD & WATER WATCH, INC., HUMANE SOCIETY OF THE UNITED STATES, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, SIERRA CLUB, SOUND RIVERS, WATERKEEPER ALLIANCE, INC.. (Apfel, Carrie) (Entered: 08/28/2019) |
| 08/29/2019 | | MINUTE ORDER granting Defendants' 35 Motion to Seal. In *United States v. Hubbard*, 650 F.2d 293, 317−22 (D.C. Cir. 1980), the D.C. Circuit set forth six factors to consider in evaluating a motion to seal: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. Upon consideration of these factors and Plaintiffs' 36 Response in which they represent that they do not oppose a temporary sealing of the materials at issue, it is hereby ORDERED that Defendants' 35 Motion to Seal is GRANTED. The Clerk's Office is directed to seal Plaintiffs' 33 Response to Defendants' Motion to Dismiss and all accompanying exhibits until further order of the Court. It is further ORDERED that the parties shall file a joint status report by September 5, 2019 on the status of the material. Signed by Judge Timothy J. Kelly on 8/29/2019. (lctjk1) (Entered: 08/29/2019) |
| 08/30/2019 | 37 | Consent MOTION to Strike 33 Response to motion,, by ANIMAL LEGAL DEFENSE FUND, INC., CENTER FOR BIOLOGICAL DIVERSITY, CENTER FOR FOOD SAFETY, DON'T WASTE ARIZONA, ENVIRONMENTAL INTEGRITY PROJECT, FOOD & WATER WATCH, INC., HUMANE SOCIETY OF THE |

| | | |
|---|---|---|
| | | UNITED STATES, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, SIERRA CLUB, SOUND RIVERS, WATERKEEPER ALLIANCE, INC. (Attachments: # 1 Plaintiffs Amended Opposition to Defendants Motion to Dismiss, # 2 Exhibit Ex. 1 – January 12, 2018 email chain, # 3 Exhibit Ex. 2 − OLEM Communications Tracker, # 4 Exhibit Ex. 3 − RIA)(Apfel, Carrie) (Entered: 08/30/2019) |
| 09/03/2019 | | MINUTE ORDER granting Plaintiffs' 37 Consent Motion to Strike. It is hereby ORDERED that Plaintiffs' 33 Opposition to Defendants' 30 Motion to Dismiss is STRICKEN. The Clerk of Court is directed to remove the filing marked ECF No. 33 from the docket and replace it with Plaintiffs' Amended Opposition to Defendants' Motion to Dismiss, ECF No. 37−1, which shall have ECF No. 37−2, ECF No. 37−3, and ECF No. 37−4 attached as Exhibits 1, 2, and 3, respectively. It is further ORDERED that Defendants shall file their reply in support of their 30 Motion to Dismiss by September 6, 2019. Signed by Judge Timothy J. Kelly on 9/3/2019. (lctjk1) (Entered: 09/03/2019) |
| 09/03/2019 | 38 | Amended Memorandum in opposition to re 30 MOTION to Dismiss MOTION to Dismiss for Lack of Jurisdiction filed by ALL PLAINTIFFS. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(jf) (Entered: 09/05/2019) |
| 09/06/2019 | 39 | REPLY to opposition to motion re 30 MOTION to Dismiss MOTION to Dismiss for Lack of Jurisdiction filed by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Greenfield, Meghan) (Entered: 09/06/2019) |
| 05/15/2020 | 40 | ORDER granting in part and denying in part Defendants' 30 Motion to Dismiss. See Order for details. Signed by Judge Timothy J. Kelly on 5/15/2020. (lctjk1) (Entered: 05/15/2020) |
| 05/15/2020 | | MINUTE ORDER: It is hereby ORDERED that the parties shall appear telephonically on June 4, 2020, at 11:30 a.m. for a hearing at which the Court will explain the reasoning for its 40 Order granting in part and denying in part Defendants' 30 Motion to Dismiss. They shall contact the Courtroom Deputy at (202) 354−3495 at least one business day in advance to make arrangements to do so. Signed by Judge Timothy J. Kelly on 5/15/2020. (lctjk1) (Entered: 05/15/2020) |
| 05/18/2020 | | Set/Reset Hearings: Miscellaneous Hearing set for 6/4/2020 at 11:30 AM in Telephonic/VTC before Judge Timothy J. Kelly. (zkh) (Entered: 05/18/2020) |
| 06/04/2020 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Telephonic Status Conference held on 6/4/2020. Reasoning for the court's 40 Order granting in part and denying in part Defendants' 30 Motion to Dismiss explained to the parties. (Court Reporter: Timothy Miller) (zkh) (Entered: 06/04/2020) |
| 06/18/2020 | 41 | MOTION to Compel *Completion and Supplementation of the Administrative Record* by ANIMAL LEGAL DEFENSE FUND, INC., CENTER FOR BIOLOGICAL DIVERSITY, CENTER FOR FOOD SAFETY, DON'T WASTE ARIZONA, ENVIRONMENTAL INTEGRITY PROJECT, FOOD & WATER WATCH, INC., HUMANE SOCIETY OF THE UNITED STATES, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, SIERRA CLUB, SOUND RIVERS, WATERKEEPER ALLIANCE, INC. (Attachments: # 1 Exhibit Ex. 1 − EPCRA Exemption, # 2 Exhibit Ex. 2 − Agricultural Air Quality Conservation Measures, # 3 Exhibit Ex. 3 − Continuous Release Checklist, # 4 Exhibit Ex. 4 − Reporting Requirements for Continuous Releases, # 5 Exhibit Ex. 5 − Instructions and |

| | | |
|---|---|---|
| | | Procedures, # 6 Exhibit Ex. 6 − Continuous Release Reporting Form, # 7 Exhibit Ex. 7 − Continuous Release Reporting Form, # 8 Exhibit Ex. 8 − Continuous Release Reporting Form, # 9 Exhibit Ex. 9 − Continuous Release Reporting Form, # 10 Exhibit Ex. 10 − Continuous Release Reporting Form, # 11 Exhibit Ex. 11 − CR−ERNS Report, # 12 Exhibit Ex. 12 − CR−ERNS Report, # 13 Exhibit Ex. 13 − CR−ERNS Regional Contacts, # 14 Exhibit Ex. 14 − Dairy Report Worksheet, # 15 Exhibit Ex. 15 − Swine Report Worksheet, # 16 Exhibit Ex. 16 − Ammonia and Hydrogen Sulfide Emission, # 17 Exhibit Ex. 17 − Ammonia Emissions Estimator, # 18 Exhibit Ex. 18 − Ammonia Emissions Estimator, # 19 Exhibit Ex. 19 − Ammonia Emissions Estimator, # 20 Exhibit Ex. 20 − 2017 EPCRA Exemption, # 21 Exhibit Ex. 21 − April 2018 EPCRA Exemption, # 22 Exhibit Ex. 22 − July 2018 EPCRA Exemption, # 23 Exhibit Ex. 23 − Vacatur Response, # 24 Exhibit Ex. 24 − August 2018 EPCRA Exemption, # 25 Exhibit Ex. 25 − EPA Oil Spill Reporting, # 26 Exhibit Ex. 26 − EPA Oil Spill & Hazardous Substances Reporting, # 27 Exhibit Ex. 27 − October 2018 EPCRA Exemption, # 28 Exhibit Ex. 28 − Nov. 2018 EPCRA Exemption, # 29 Exhibit Ex. 29 − Letter from Gablehouse, # 30 Exhibit Ex. 30 − 2019 EPCRA Exemption, # 31 Exhibit Ex. 31 − Routine Agriculture Rule Spring 2018 Regulatory Agenda, # 32 Exhibit Ex. 32 − Routine Agriculture Rule Fall 2018 Regulatory Agenda, # 33 Exhibit Ex. 33 − EPA, Resp. to Comment Doc., # 34 Exhibit Ex. 34 − Talking Points E−mail, # 35 Exhibit Ex. 35A − Email from Rees, # 36 Exhibit Ex. 35B − Email from Jackson, # 37 Exhibit Ex. 35C − Email from Bowman, # 38 Exhibit Ex. 35D − Email from Nickerson, # 39 Exhibit Ex. 36 − Letter from Carper)(Apfel, Carrie) (Entered: 06/18/2020) |
| 06/25/2020 | 42 | Amended MOTION to Compel *Completion and Supplementation of the Administrative Record* by ANIMAL LEGAL DEFENSE FUND, INC., CENTER FOR BIOLOGICAL DIVERSITY, CENTER FOR FOOD SAFETY, DON'T WASTE ARIZONA, ENVIRONMENTAL INTEGRITY PROJECT, FOOD & WATER WATCH, INC., HUMANE SOCIETY OF THE UNITED STATES, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, SIERRA CLUB, SOUND RIVERS, WATERKEEPER ALLIANCE, INC. (Attachments: # 1 Exhibit Ex. 1 − EPCRA Exemption, # 2 Exhibit Ex. 2 − Agricultural Air Quality Conservation Measures, # 3 Exhibit Ex. 3 − Continuous Release Checklist, # 4 Exhibit Ex. 4 − Reporting Requirements for Continuous Releases, # 5 Exhibit Ex. 5 − Instructions and Procedures, # 6 Exhibit Ex. 6 − Continuous Release Reporting Form, # 7 Exhibit Ex. 7 − Continuous Release Reporting Form, # 8 Exhibit Ex. 8 − Continuous Release Reporting Form, # 9 Exhibit Ex. 9 − Continuous Release Reporting Form, # 10 Exhibit Ex. 10 − Continuous Release Reporting Form, # 11 Exhibit Ex. 11 − CR−ERNS Report, # 12 Exhibit Ex. 12 − CR−ERNS Report, # 13 Exhibit Ex. 13 − CR−ERNS Regional Contacts, # 14 Exhibit Ex. 14 − Dairy Report Worksheet, # 15 Exhibit Ex. 15 − Swine Report Worksheet, # 16 Exhibit Ex. 16 − Ammonia and Hydrogen Sulfide Emission, # 17 Exhibit Ex. 17 − Ammonia Emissions Estimator, # 18 Exhibit Ex. 18 − Ammonia Emissions Estimator, # 19 Exhibit Ex. 19 − Ammonia Emissions Estimator, # 20 Exhibit Ex. 20 − 2017 EPCRA Exemption, # 21 Exhibit Ex. 21 − April 2018 EPCRA Exemption, # 22 Exhibit Ex. 22 − July 2018 EPCRA Exemption, # 23 Exhibit Ex. 23 − Vacatur Response, # 24 Exhibit Ex. 24 − August 2018 EPCRA Exemption, # 25 Exhibit Ex. 25 − EPA Oil Spill Reporting, # 26 Exhibit Ex. 26 − EPA Oil Spill & Hazardous Substances Reporting, # 27 Exhibit Ex. 27 − October 2018 EPCRA Exemption, # 28 Exhibit Ex. 28 − Nov. 2018 EPCRA Exemption, # 29 Exhibit Ex. 29 − Letter from Gablehouse, # 30 Exhibit Ex. 30 − 2019 EPCRA Exemption, # 31 Exhibit Ex. 31 − Routine Agriculture Rule Spring 2018 Regulatory Agenda, # 32 Exhibit Ex. 32 − Routine Agriculture Rule Fall 2018 Regulatory Agenda, # 33 Exhibit |

| | | |
|---|---|---|
| | | Ex. 33 − EPA, Resp. to Comment Doc., # 34 Exhibit Ex. 34 − Talking Points E−mail, # 35 Exhibit Ex. 35A − Email from Rees, # 36 Exhibit Ex. 35B − Email from Jackson, # 37 Exhibit Ex. 35C − Email from Bowman, # 38 Exhibit Ex. 35D − Email from Nickerson, # 39 Exhibit Ex. 36 − Letter from Carper, # 40 Exhibit Ex. 37− Guidance Document List)(Apfel, Carrie) (Entered: 06/25/2020) |
| 07/07/2020 | 43 | MOTION for Extension of Time to File Response/Reply as to 42 Amended MOTION to Compel *Completion and Supplementation of the Administrative Record* by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY (Greenfield, Meghan) (Entered: 07/07/2020) |
| 07/07/2020 | | MINUTE ORDER granting Defendants' 43 Consent Motion to Extend Deadline. It is hereby ORDERED that Defendants shall respond to Plaintiffs' 42 Amended Motion to Compel Completion and Supplementation of the Administrative Record by July 16, 2020. Signed by Judge Timothy J. Kelly on 7/7/2020. (lctjk1) (Entered: 07/07/2020) |
| 07/16/2020 | 44 | RESPONSE re 42 Amended MOTION to Compel *Completion and Supplementation of the Administrative Record* filed by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Waldref, Vanessa) (Entered: 07/16/2020) |
| 07/23/2020 | 45 | REPLY to opposition to motion re 42 Amended MOTION to Compel *Completion and Supplementation of the Administrative Record* filed by ANIMAL LEGAL DEFENSE FUND, INC., CENTER FOR BIOLOGICAL DIVERSITY, CENTER FOR FOOD SAFETY, DON'T WASTE ARIZONA, ENVIRONMENTAL INTEGRITY PROJECT, FOOD & WATER WATCH, INC., HUMANE SOCIETY OF THE UNITED STATES, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, SIERRA CLUB, SOUND RIVERS, WATERKEEPER ALLIANCE, INC.. (Apfel, Carrie) (Entered: 07/23/2020) |
| 09/01/2020 | 46 | MOTION to Intervene *as Defendants and Supporting Memorandum of Points and Authorities* by NATIONAL CATTLEMEN'S BEEF ASSOCIATION, NATIONAL PORK PRODUCERS COUNCIL, AMERICAN FARM BUREAU FEDERATION, U.S. POULTRY & EGG ASSOCIATION (Attachments: # 1 Answer to First Amended Complaint, # 2 NCBA Rule 26.1 Disclosure, # 3 NPPC Rule 26.1 Disclosure, # 4 AFBF Rule 26.1 Disclosure, # 5 USPOULTRY Rule 26.1 Disclosure, # 6 Text of Proposed Order)(Chung, David) (Entered: 09/01/2020) |
| 09/10/2020 | 47 | NOTICE OF WITHDRAWAL OF APPEARANCE as to ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. Attorney Erica M. Zilioli terminated. (Zilioli, Erica) (Entered: 09/10/2020) |
| 12/04/2020 | | MINUTE ORDER: In light of the filing of Plaintiffs' 42 Amended Motion to Compel Completion and Supplementation of the Administrative Record, it is hereby ORDERED that Plaintiffs' 41 Motion to Compel Completion and Supplementation of the Administrative Record is hereby DENIED AS MOOT. Signed by Judge Timothy J. Kelly on 12/4/2020. (lctjk1) (Entered: 12/04/2020) |
| 08/03/2021 | | MINUTE ORDER granting Movants' 46 Unopposed Motion to Intervene as Defendants. "On timely motion, the court must permit anyone to intervene who... claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A party's right to intervene under this rule depends on four factors: "(1) the timeliness of the motion; (2) whether the |

| | | |
|---|---|---|
| | | applicant claims an interest relating to the property or transaction which is the subject of the action; (3) whether the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) whether the applicant's interest is adequately represented by existing parties." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003) (cleaned up). Here, all four factors favor intervention. First, on timeliness, although considerable time has passed since this suit was first filed in 2018, no party will be prejudiced because merits briefing has not been scheduled yet, and movants do not seek to expand the scope of this litigation. Second and third, the proposed intervenors have a cognizable interest that may be impaired because they represent members of the regulated industry. And fourth, the proposed intervenors' interests are not adequately represented by any existing party. They are clearly not represented by Plaintiffs, who challenge the rule. The Government also is not a suitable stand−in because non−governmental entities, like Movants, have a "more narrow and parochial financial interest," whereas the Government represents a broader public interest, even if there is "general agreement" between them. *Fund for Animals*, 322 F.3d at 737 (cleaned up); *see also Natural Res. Def. Council v. Costle*, 561 F.2d 904, 912 (D.C. Cir. 1977). Therefore, it is hereby ORDERED that Movants' motion is GRANTED. The Clerk of the Court is instructed to docket ECF No. 46−1 as Intervenors' Answer to Plaintiffs' 29 First Amended Complaint. Signed by Judge Timothy J. Kelly on 8/3/2021. (lctjk1) (Entered: 08/03/2021) |
| 08/03/2021 | 48 | ANSWER to 29 Amended Complaint by AMERICAN FARM BUREAU FEDERATION, NATIONAL CATTLEMEN'S BEEF ASSOCIATION, NATIONAL PORK PRODUCERS COUNCIL, U.S. POULTRY & EGG ASSOCIATION.(znmw) (Entered: 08/06/2021) |
| 08/03/2021 | 49 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by NATIONAL CATTLEMEN'S BEEF ASSOCIATION (znmw) (Entered: 08/06/2021) |
| 08/03/2021 | 50 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by NATIONAL PORK PRODUCERS COUNCIL (znmw) (Entered: 08/06/2021) |
| 08/03/2021 | 51 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by AMERICAN FARM BUREAU FEDERATION (znmw) (Entered: 08/06/2021) |
| 08/03/2021 | 52 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by U.S. POULTRY & EGG ASSOCIATION (znmw) (Entered: 08/06/2021) |
| 08/03/2021 | 53 | ENTERED IN ERROR.....ANSWER to 29 Amended Complaint, by AMERICAN FARM BUREAU TION, NATIONAL CATTLEMEN'S BEEF ASSOCIATION, NATIONAL PORK PRODUCERS COUNCIL, U.S. POULTRY & EGG ASSOCIATION. (ztth); Modified on 8/10/2021 (ztth). (Entered: 08/06/2021) |
| 08/10/2021 | | NOTICE OF CORRECTED DOCKET ENTRY: re 53 Answer to Amended Complaint was entered in error. Said pleading is a duplicate of docket entry 48 . (ztth) (Entered: 08/10/2021) |
| 09/21/2021 | | MINUTE ORDER granting in part and denying in part 42 Plaintiffs' Amended Motion to Compel *Completion and Supplementation of the Administrative Record*. Upon consideration of the record in this case, including the 29 Amended Complaint, 32 Defendants' Certified Indices to the Administrative Record, 42 Plaintiffs' Amended |

| | | |
|---|---|---|
| | | Motion to Compel, and the legal memoranda and other papers submitted by the parties, as well as the applicable law, and for reasons to be stated on the record, it is hereby ORDERED that Plaintiffs' Motion to Compel is GRANTED IN PART and DENIED IN PART. It is further ORDERED that Defendants shall complete the combined administrative record with Plaintiffs' Exhibits 1, 20−24, 27−28, 30−33. Defendants shall file an updated certified index for the combined administrative record and serve Plaintiffs and Intervenors with the updated combined record on or before October 19, 2021. The parties shall appear telephonically on October 5, 2021, at 12:30pm, for an oral ruling, at which time the Court will explain the reasoning for this order granting in part and denying in part Plaintiffs' Motion to Compel. They shall contact the Courtroom Deputy at (202) 354−3495 at least one business day in advance to make arrangements to do so. Signed by Judge Timothy J. Kelly on 9/21/2021. (lctjk1) (Entered: 09/21/2021) |
| 10/05/2021 | | Minute Entry for proceedings held before Judge Timothy J. Kelly: Telephonic Oral Ruling held on 10/5/2021 explaining the reasons for the courts decision in its 9/21/2021 minute order. (Court Reporter: Timothy Miller) (zkh) (Entered: 10/05/2021) |
| 10/06/2021 | 54 | NOTICE of Appearance by Sarah Izfar on behalf of All Defendants (Izfar, Sarah) (Entered: 10/06/2021) |
| 10/15/2021 | 55 | TRANSCRIPT OF ORAL RULING before Judge Timothy J. Kelly held on 10−5−21; Page Numbers: 1−20; Date of Issuance: 10−15−21; Court Reporter: Timothy R. Miller, Telephone Number (202) 354−3111. Transcripts may be ordered by submitting the Transcript Order Form <br><br> For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. Afte r 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. <br><br> Redaction Request due 11/5/2021. Redacted Transcript Deadline set for 11/15/2021. Release of Transcript Restriction set for 1/13/2022.(Miller, Timothy) (Entered: 10/15/2021) |
| 10/19/2021 | 56 | ADMINISTRATIVE RECORD *(Updated)* by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Attachments: # 1 Exhibit Updated Certificate, # 2 Exhibit Original Indices, # 3 Exhibit Updated Index)(Izfar, Sarah) (Entered: 10/19/2021) |
| 10/20/2021 | | MINUTE ORDER: It is hereby ORDERED that the parties shall meet, confer, and file a joint proposed schedule for briefing by November 3, 2021. Signed by Judge Timothy J. Kelly on 10/20/2021. (lctjk1) (Entered: 10/20/2021) |
| 11/03/2021 | 57 | PROPOSED BRIEFING SCHEDULE *(JOINT)* by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Izfar, Sarah) (Entered: 11/03/2021) |

| 11/04/2021 | | MINUTE ORDER: Upon consideration of the parties' 57 Joint Proposed Briefing Schedule, it is hereby ORDERED that the EPA shall file its motion for remand without vacatur by November 23, 2021; Plaintiffs and Intervenors shall file any responses by December 23, 2021; and the EPA shall file its reply by January 14, 2022. Signed by Judge Timothy J. Kelly on 11/4/2021. (lctjk1) (Entered: 11/04/2021) |
|---|---|---|
| 11/23/2021 | 58 | MOTION to Remand to U.S. EPA *Without Vacatur* by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Attachments: # 1 Affidavit Salyer Decl., # 2 Text of Proposed Order)(Izfar, Sarah) (Entered: 11/23/2021) |
| 12/23/2021 | 59 | RESPONSE re 58 MOTION to Remand to U.S. EPA *Without Vacatur Cross−Motion for Summary Judgement* filed by ANIMAL LEGAL DEFENSE FUND, INC., CENTER FOR BIOLOGICAL DIVERSITY, CENTER FOR FOOD SAFETY, DON'T WASTE ARIZONA, ENVIRONMENTAL INTEGRITY PROJECT, FOOD & WATER WATCH, INC., HUMANE SOCIETY OF THE UNITED STATES, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, SIERRA CLUB, SOUND RIVERS, WATERKEEPER ALLIANCE, INC.. (Attachments: # 1 Memorandum in Support Memorandum, # 2 Declaration Abel Russ Decl., # 3 Declaration Candice Cook Decl., # 4 Declaration Curtis Ramer Decl., # 5 Declaration Cynthia Parke Decl., # 6 Declaration Daniel Estrin Decl., # 7 Declaration Devon Hall Decl., # 8 Declaration Heather Jacobs Deck Decl., # 9 Declaration Jane Williams Decl., # 10 Declaration Jaydee Hanson Decl., # 11 Declaration Josh Balk Decl., # 12 Declaration Judy Jolin Decl., # 13 Declaration Lori Ann Burd Decl., # 14 Declaration Mark Walden Decl., # 15 Declaration Max Wilson Decl., # 16 Declaration Melissa Siebke Decl., # 17 Declaration Rebecca Jim Decl., # 18 Declaration Robert Hudkins Decl., # 19 Declaration Rosemary Partridge Decl., # 20 Declaration Stephen Brittle Decl., # 21 Declaration Wenonah Hauter Decl., # 22 Text of Proposed Order Proposed Order)(Apfel, Carrie) (Entered: 12/23/2021) |
| 12/23/2021 | 60 | RESPONSE re 58 MOTION to Remand to U.S. EPA *Without Vacatur* filed by AMERICAN FARM BUREAU FEDERATION, NATIONAL CATTLEMEN'S BEEF ASSOCIATION, NATIONAL PORK PRODUCERS COUNCIL, U.S. POULTRY & EGG ASSOCIATION. (Chung, David) (Entered: 12/23/2021) |
| 12/23/2021 | 61 | CROSS MOTION for Summary Judgment by ANIMAL LEGAL DEFENSE FUND, INC., CENTER FOR BIOLOGICAL DIVERSITY, CENTER FOR FOOD SAFETY, DON'T WASTE ARIZONA, ENVIRONMENTAL INTEGRITY PROJECT, FOOD & WATER WATCH, INC., HUMANE SOCIETY OF THE UNITED STATES, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, SIERRA CLUB, SOUND RIVERS, WATERKEEPER ALLIANCE, INC. (See Docket Entry 59 to view document) (ztth) (Entered: 12/27/2021) |
| 01/06/2022 | 62 | MOTION to Stay *Merits Briefing or Extend Deadline for Filing Response* by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Attachments: # 1 Text of Proposed Order)(Izfar, Sarah). Added MOTION for Extension of Time to File Response/Reply on 1/7/2022 (ztth). (Entered: 01/06/2022) |
| 01/10/2022 | | MINUTE ORDER granting Defendants' 62 Motion to Stay Briefing on Plaintiffs' Motion for Summary Judgment. It is hereby ORDERED that briefing on Plaintiff's motion for summary judgment is STAYED pending resolution of Defendants' motion for voluntary remand, with Defendants' response to the summary judgment motion due 45 days after any denial of the remand motion. Signed by Judge Timothy J. Kelly on |

| | | 1/10/2022. (lctjk1) (Entered: 01/10/2022) |
|---|---|---|
| 01/14/2022 | 63 | REPLY to opposition to motion re 58 MOTION to Remand to U.S. EPA *Without Vacatur* filed by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Attachments: # 1 Exhibit Supp. Decl. Kathleen Salyer)(Izfar, Sarah) (Entered: 01/14/2022) |
| 02/14/2022 | 64 | MEMORANDUM ORDER granting Defendants' 58 Motion to Remand to Environmental Protection Agency. See Order for details. Signed by Judge Timothy J. Kelly on 2/14/2022. (lctjk1) (Entered: 02/14/2022) |
| 05/16/2022 | 65 | STATUS REPORT by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Izfar, Sarah) (Entered: 05/16/2022) |
| 08/15/2022 | 66 | STATUS REPORT by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Izfar, Sarah) (Entered: 08/15/2022) |
| 11/14/2022 | 67 | STATUS REPORT by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Izfar, Sarah) (Entered: 11/14/2022) |
| 02/13/2023 | 68 | STATUS REPORT by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Izfar, Sarah) (Entered: 02/13/2023) |
| 05/15/2023 | 69 | STATUS REPORT by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Izfar, Sarah) (Entered: 05/15/2023) |
| 08/14/2023 | 70 | STATUS REPORT by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Izfar, Sarah) (Entered: 08/14/2023) |
| 11/13/2023 | 71 | STATUS REPORT by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Izfar, Sarah) (Entered: 11/13/2023) |
| 01/16/2024 | 72 | MOTION for Entry of Judgment under Rule 54(b) by ALL PLAINTIFFS. (Attachments: # 1 Exhibit Ex 1. Air Quality Issues and Animal Agriculture, # 2 Exhibit Ex. 2. OIG Report, # 3 Exhibit Ex. 3. GAO, EPA Needs Mor Information, # 4 Exhibit Ex. 4. CERCLA EPCRA Reporting Requirements, # 5 Exhibit Ex. 5. 2017 CERCLA and EPCRA Reporting Requirements for Air Releases of Hazardous Substances from Animal Waste at Farms, # 6 Exhibit Ex. 6. Does EPA Interpret EPCRA § 304 to Require Farms to Report Releases from Animal Waste, # 7 Exhibit Ex. 7. 2018 CERCLA and EPCRA Reporting Requirements for Air Releases of Hazardous Substances from Animal Waste at Farms, # 8 Exhibit Ex. 8. How Does the Fair Agricultural Reporting Method (FARM) Act Impact Reporting of Air Emissions, # 9 Exhibit Ex. 9. Under OMB Pressure, EPA Shelves Plan Re...FO Emissions Reporting _ InsideEPA, # 10 Exhibit Ex.10. EENEWS, EPA Closes in on livestock emissions, # 11 Text of Proposed Order Proposed Order on Rule 54 Motion)(Apfel, Carrie) (Entered: 01/16/2024) |
| 01/16/2024 | 73 | NOTICE of Appearance by Alexis Andiman on behalf of ALL PLAINTIFFS (Andiman, Alexis) (Entered: 01/16/2024) |
| 01/30/2024 | 74 | RESPONSE re 72 MOTION for Entry of Judgment under Rule 54(b) filed by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Attachments: # 1 Exhibit Roache Decl.)(Izfar, Sarah) (Entered: 01/30/2024) |
| 01/30/2024 | 75 | |

| | | |
|---|---|---|
| | | RESPONSE re 72 MOTION for Entry of Judgment under Rule 54(b) filed by AMERICAN FARM BUREAU FEDERATION, NATIONAL CATTLEMEN'S BEEF ASSOCIATION, NATIONAL PORK PRODUCERS COUNCIL, U.S. POULTRY & EGG ASSOCIATION. (Chung, David) (Entered: 01/30/2024) |
| 02/06/2024 | 76 | REPLY to opposition to motion re 72 MOTION for Entry of Judgment under Rule 54(b) filed by ALL PLAINTIFFS. (Apfel, Carrie) (Entered: 02/06/2024) |
| 02/12/2024 | 77 | STATUS REPORT by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Izfar, Sarah) (Entered: 02/12/2024) |
| 05/13/2024 | 78 | STATUS REPORT by ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Izfar, Sarah) (Entered: 05/13/2024) |
| 05/17/2024 | 79 | ORDER denying without prejudice Plaintiffs' 72 Motion for a Deadline on Remand or, in the Alternative, Expedited Summary Judgment. See Order for details. Signed by Judge Timothy J. Kelly on 5/17/2024. (lctjk1) (Entered: 05/17/2024) |
| 05/22/2024 | 80 | NOTICE OF WITHDRAWAL OF APPEARANCE as to ANDREW WHEELER, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. Attorney Meghan E. Greenfield terminated. (Izfar, Sarah) (Entered: 05/22/2024) |
| 08/02/2024 | 81 | Joint MOTION lift remand , Joint MOTION for Briefing Schedule by UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Attachments: # 1 Affidavit Declaration of Clifford Villa, # 2 Text of Proposed Order)(Izfar, Sarah) (Entered: 08/02/2024) |
| 08/05/2024 | | MINUTE ORDER: Upon consideration of the parties' 81 Joint Motion to Lift Remand and for a Briefing Schedule, it is hereby ORDERED that the joint motion is GRANTED. It is further ORDERED that the remand is LIFTED. It is further ORDERED that Plaintiffs shall file their motion for summary judgment, not to exceed 45 pages, by August 27, 2024; EPA shall file its cross−motion and response to Plaintiffs' motion for summary judgment, not to exceed 45 pages, by September 24, 2024; Intervenors shall file their cross−motion and response to Plaintiffs' motion for summary judgment, not to exceed 25 pages, by October 8, 2024; Plaintiffs shall file their response to the cross−motions and their reply, not to exceed 60 pages, by October 22, 2024; EPA shall file its reply, not to exceed 25 pages, by November 5, 2024; and Intervenors shall file their reply, not to exceed 15 pages, by November 12, 2024. Signed by Judge Timothy J. Kelly on 8/5/2024. (lctjk1) (Entered: 08/05/2024) |
| 08/27/2024 | 82 | ENTERED IN ERROR.....NOTICE of Appearance by Carrie F. Apfel on behalf of ANIMAL LEGAL DEFENSE FUND, INC., CENTER FOR BIOLOGICAL DIVERSITY, CENTER FOR FOOD SAFETY, DON'T WASTE ARIZONA, ENVIRONMENTAL INTEGRITY PROJECT, FOOD & WATER WATCH, INC., HUMANE SOCIETY OF THE UNITED STATES, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, SIERRA CLUB, SOUND RIVERS, WATERKEEPER ALLIANCE, INC. (Apfel, Carrie) Modified on 8/28/2024 (znmw). (Entered: 08/27/2024) |
| 08/27/2024 | 83 | MOTION for Summary Judgment by ANIMAL LEGAL DEFENSE FUND, INC., CENTER FOR BIOLOGICAL DIVERSITY, CENTER FOR FOOD SAFETY, DON'T WASTE ARIZONA, ENVIRONMENTAL INTEGRITY PROJECT, FOOD & WATER WATCH, INC., HUMANE SOCIETY OF THE UNITED STATES, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, SIERRA CLUB, SOUND RIVERS, WATERKEEPER ALLIANCE, INC.. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Memorandum in Support of Plaintiffs' Motion for Summary Judgment, # 2 Appendix and Exhibits to Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment, # 3 Text of Proposed Order)(Apfel, Carrie) (Entered: 08/27/2024) |
| 08/27/2024 | 84 | Unopposed MOTION for Leave to File *a Separate Appendix* by ANIMAL LEGAL DEFENSE FUND, INC., CENTER FOR BIOLOGICAL DIVERSITY, CENTER FOR FOOD SAFETY, DON'T WASTE ARIZONA, ENVIRONMENTAL INTEGRITY PROJECT, FOOD & WATER WATCH, INC., HUMANE SOCIETY OF THE UNITED STATES, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, SIERRA CLUB, SOUND RIVERS, WATERKEEPER ALLIANCE, INC.. (Attachments: # 1 Text of Proposed Order)(Apfel, Carrie) (Entered: 08/27/2024) |
| 08/28/2024 | | NOTICE OF ERROR regarding 82 Notice of Appearance,. The following error(s) need correction: Invalid attorney signature− signature on document must match PACER login. Please refile. (znmw) (Entered: 08/28/2024) |
| 08/28/2024 | 85 | NOTICE of Appearance by ANIMAL LEGAL DEFENSE FUND, INC., CENTER FOR BIOLOGICAL DIVERSITY, CENTER FOR FOOD SAFETY, DON'T WASTE ARIZONA, ENVIRONMENTAL INTEGRITY PROJECT, FOOD & WATER WATCH, INC., HUMANE SOCIETY OF THE UNITED STATES, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, SIERRA CLUB, SOUND RIVERS, WATERKEEPER ALLIANCE, INC.. (Goad, Kara) Modified event title on 8/29/2024 (znmw). (Entered: 08/28/2024) |
| 08/29/2024 | | MINUTE ORDER: Upon consideration of Plaintiffs' 84 Unopposed Motion for Leave to File a Separate Appendix, it is hereby ORDERED that Plaintiffs' unopposed motion is GRANTED, and Plaintiffs may file a separate appendix along with their memorandum in support of their motion for summary judgment. Signed by Judge Timothy J. Kelly on 8/29/2024. (lctjk1) (Entered: 08/29/2024) |
| 09/24/2024 | 86 | Cross MOTION for Summary Judgment *and Response in Opposition to Plaintiffs' Motion for Summary Judgment* by UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Attachments: # 1 Exhibit A: Response to Comments, # 2 Text of Proposed Order)(Izfar, Sarah) (Entered: 09/24/2024) |
| 09/24/2024 | 87 | Memorandum in opposition to re 83 Motion for Summary Judgment,, *and Cross Motion for Summary Judgment* filed by UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Attachments: # 1 Exhibit A: Response to Comments, # 2 Text of Proposed Order)(Izfar, Sarah) (Entered: 09/24/2024) |
| 10/08/2024 | 88 | NOTICE of Appearance by Elizabeth Dawson on behalf of AMERICAN FARM BUREAU FEDERATION, NATIONAL CATTLEMEN'S BEEF ASSOCIATION, NATIONAL PORK PRODUCERS COUNCIL, U.S. POULTRY & EGG ASSOCIATION (Dawson, Elizabeth) (Entered: 10/08/2024) |
| 10/08/2024 | 89 | Cross MOTION for Summary Judgment by AMERICAN FARM BUREAU FEDERATION, NATIONAL CATTLEMEN'S BEEF ASSOCIATION, NATIONAL PORK PRODUCERS COUNCIL, U.S. POULTRY & EGG ASSOCIATION. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Text of Proposed Order)(Chung, David) (Entered: 10/08/2024) |
| 10/08/2024 | 90 | Memorandum in opposition to re 83 Motion for Summary Judgment,, filed by AMERICAN FARM BUREAU FEDERATION, NATIONAL CATTLEMEN'S BEEF ASSOCIATION, NATIONAL PORK PRODUCERS COUNCIL, U.S. POULTRY & |

| | | |
|---|---|---|
| | | EGG ASSOCIATION. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Text of Proposed Order)(Chung, David) (Entered: 10/08/2024) |
| 10/22/2024 | 91 | REPLY to opposition to motion re 86 Motion for Summary Judgment, filed by ANIMAL LEGAL DEFENSE FUND, INC., CENTER FOR BIOLOGICAL DIVERSITY, CENTER FOR FOOD SAFETY, DON'T WASTE ARIZONA, ENVIRONMENTAL INTEGRITY PROJECT, FOOD & WATER WATCH, INC., HUMANE SOCIETY OF THE UNITED STATES, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, SIERRA CLUB, SOUND RIVERS, WATERKEEPER ALLIANCE, INC.. (Apfel, Carrie) Modified link on 10/23/2024 (znmw). (Entered: 10/22/2024) |
| 10/22/2024 | 92 | Memorandum in opposition to re 89 Motion for Summary Judgment, filed by ANIMAL LEGAL DEFENSE FUND, INC., CENTER FOR BIOLOGICAL DIVERSITY, CENTER FOR FOOD SAFETY, DON'T WASTE ARIZONA, ENVIRONMENTAL INTEGRITY PROJECT, FOOD & WATER WATCH, INC., HUMANE SOCIETY OF THE UNITED STATES, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, SIERRA CLUB, SOUND RIVERS, WATERKEEPER ALLIANCE, INC.. (See Docket Entry 91 to view document). (znmw) (Entered: 10/23/2024) |
| 11/05/2024 | 93 | REPLY to opposition to motion re 86 Motion for Summary Judgment, filed by UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Attachments: # 1 Exhibit)(Izfar, Sarah) (Entered: 11/05/2024) |
| 11/12/2024 | 94 | REPLY to opposition to motion re 89 Motion for Summary Judgment, filed by NATIONAL CATTLEMEN'S BEEF ASSOCIATION, NATIONAL PORK PRODUCERS COUNCIL, AMERICAN FARM BUREAU FEDERATION, U.S. POULTRY & EGG ASSOCIATION. (Chung, David) (Entered: 11/12/2024) |
| 08/07/2025 | 95 | ORDER denying Plaintiffs' 83 Motion for Summary Judgment and granting EPA's and Intervenors' 86 , 89 Cross−Motions for Summary Judgment. See Order for details. This is a final, appealable order. The Clerk of Court is directed to close the case. Signed by Judge Timothy J. Kelly on 8/7/2025. (lctjk1) (Entered: 08/07/2025) |
| 08/07/2025 | 96 | MEMORANDUM OPINION in support of the Court's 95 Order denying Plaintiffs' 83 Motion for Summary Judgment and granting EPA's and Intervenors' 86 , 89 Cross−Motions for Summary Judgment. Signed by Judge Timothy J. Kelly on 8/7/2025. (lctjk1) (Entered: 08/07/2025) |
| 10/03/2025 | 97 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 95 Order on Motion for Summary Judgment,,,,, by ALL PLAINTIFFS, ANIMAL LEGAL DEFENSE FUND, INC., CENTER FOR BIOLOGICAL DIVERSITY, CENTER FOR FOOD SAFETY, DON'T WASTE ARIZONA, ENVIRONMENTAL INTEGRITY PROJECT, FOOD & WATER WATCH, INC., HUMANE SOCIETY OF THE UNITED STATES, RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, SIERRA CLUB, SOUND RIVERS, WATERKEEPER ALLIANCE, INC.. Filing fee $ 605, receipt number ADCDC−12003361. Fee Status: Fee Paid. Parties have been notified. (Apfel, Carrie) (Entered: 10/03/2025) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP et al., | |
| *Plaintiffs*, | |
| v. | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY et al., | Civil Action No. 18-2260 (TJK) |
| *Defendants*, | |
| and | |
| NATIONAL CATTLEMEN'S BEEF ASSOCIATION et al., | |
| *Intervenor-Defendants.* | |

**NOTICE OF APPEAL**

Notice is hereby given that Plaintiffs Rural Empowerment Association for Community Help, Animal Legal Defense Fund, Center for Biological Diversity, Center for Food Safety, Don't Waste Arizona, Environmental Integrity Project, Food & Water Watch, Humane World for Animals,[1] Sierra Club, Sound Rivers, and Waterkeeper Alliance, Inc. appeal to the United States Court of Appeals for the District of Columbia Circuit from the judgment of this Court entered on August 7, 2025 denying Plaintiffs' Motion for Summary Judgment and Granting Defendants' and Intervenor-Defendants' Motions for Summary Judgment.

---

[1] In February 2025, the Humane Society of the United States officially changed its name to Humane World for Animals.

1

Dated: October 3, 2025                     Respectfully submitted,


                                           */s/ Carrie F. Apfel*
                                           Carrie F. Apfel, D.C. Bar No. 974342
                                           Kara Goad, D.C. Bar No. 1725197
                                           Earthjustice
                                           1001 G Street N.W., Suite. 1000
                                           Washington, D.C. 20001
                                           (202) 667-4500
                                           capfel@earthjustice.org
                                           kgoad@earthjustice.org

                                           Peter Lehner
                                           Alexis Andiman
                                           Earthjustice
                                           48 Wall Street, 15th Floor
                                           New York, N.Y. 10005
                                           (212) 845-7376
                                           plehner@earthjustice.org
                                           aandiman@earthjustice.org

                                           *Counsel for Plaintiffs Rural Empowerment*
                                           *Association for Community Help, Animal Legal*
                                           *Defense Fund, Center for Biological Diversity,*
                                           *Center for Food Safety, Don't Waste Arizona,*
                                           *Environmental Integrity Project, Food & Water*
                                           *Watch, Humane World for Animals, Sierra Club,*
                                           *Sound Rivers, and Waterkeeper Alliance, Inc.*


                                           */s/ Tarah Heinzen*
                                           Tarah Heinzen, D.C. Bar No. 1019829
                                           Food & Water Watch
                                           1616 P Street N.W., Suite 300
                                           Washington, D.C. 20036
                                           (202) 683-2457
                                           theinzen@fwwatch.org

                                           *Counsel for Plaintiff Food & Water Watch*

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RURAL EMPOWERMENT ASSOCIATION
FOR COMMUNITY HELP, et al.,

       *Plaintiffs*,

    v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,

       *Defendants*,

   and

NATIONAL CATTLEMEN'S BEEF ASSO-
CIATION, et al.,

       *Intervenor-Defendants*.

Civil Action No. 18-2260 (TJK)

## MEMORANDUM OPINION

    Two federal statutes—the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA") and the Emergency Planning and Community Right-to-Know Act of 1986 ("EPCRA")—create a framework for federal, state, and local authorities to address dangerous releases of toxic chemicals. To that end, section 103 of CERCLA requires that facilities immediately notify the Environmental Protection Agency of any release of "hazardous substances" above a certain amount. It also exempts some types of releases from that immediate reporting requirement. Section 304 of EPCRA, in turn, requires that facilities notify state and local authorities whenever covered pollutants—which it refers to as "extremely hazardous substances"—are released into the environment. EPCRA's notification requirements are closely tied to CERCLA's. Two provisions require reports whenever the release is reportable under CERCLA. The third is at

issue in this case. It mandates reports for releases of extremely hazardous substances that are "not subject to the notification requirements" under CERCLA section 103 *if* they "occur in a manner which would require notification" under CERCLA.

In 2018, Congress amended CERCLA to exempt from reporting "air emissions from animal waste (including decomposing animal waste) at a farm." Soon after, EPA issued a final rule exempting these releases from emergency notification under EPCRA section 304. In its view, these releases no longer "occur in a manner" that would require CERCLA reporting. Plaintiffs, a group of environmental organizations, sued EPA to challenge that rule, arguing the agency violated the Administrative Procedure Act ("APA") and the National Environmental Policy Act ("NEPA"). Plaintiffs say EPA misinterpreted EPCRA's text, failed to reasonably explain its action, and flouted its duty to consider the environmental effects of the exemption. A group of agricultural organizations intervened as defendants. All parties move for summary judgment. For the reasons below, the Court will deny Plaintiff's motion, grant EPA's and Intervenors' motions, and enter judgment for EPA and Intervenors.

## I.    Background

### A.    Statutory and Regulatory Background

Congress has long sought to ensure that federal, state, and local authorities can adequately respond to releases of certain hazardous substances or pollutants that may threaten public safety or the environment. Two statutes work together to accomplish that end: CERCLA, *see* 42 U.S.C. §§ 9601 et seq., and EPCRA, *see id.* §§ 11001 et seq.

CERCLA broadly empowers federal authorities—generally the Environmental Protection Agency—to investigate and respond to releases or threatened releases of "hazardous substances." *Id.* § 9604(a)(1). Those are defined by statute, *see id.* § 9601(14), and a more detailed list is set forth in EPA's regulations, *see* 40 C.F.R. § 302.4. To facilitate EPA's activities, Section 103 of

CERCLA requires persons in charge of covered facilities to "immediately notify" EPA's National Response Center of any release of a hazardous substance over a certain threshold set by EPA— also known as the "reportable quantity." 42 U.S.C. § 9603(a); 40 C.F.R. § 302.4. But right from the start, Congress excluded certain forms of "releases" from that term's statutory definition and added other exemptions. *See* Pub. L. No. 96-510, 94 Stat. 2767 (1980).

As for the excluded releases, CERCLA defines "release" as "any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, or disposing" of hazardous substances "into the environment." 42 U.S.C. § 9601(22). But the definition "excludes" four types of releases: (A) "any release which results in exposure to persons solely within a workplace," (B) "emissions from engine exhaust of a motor vehicle, rolling stock, aircraft, vessel, or pipeline pumping station engine," (C) releases originating from a nuclear waste incident, and (D) "the normal application of fertilizer." *Id.* Congress also exempted from section 103(a) reporting any release of a hazardous substance that "is a continuous release, stable in quantity and rate," provided those releases are reported annually and unless there is a "statistically significant increase" from prior annual reports. *Id.* § 9603(f)(2). Congress also broadly exempted "the application of a pesticide product registered under the Federal Insecticide, Fungicide, and Rodenticide Act ["FIFRA"] . . . or the handling and storage of such a pesticide product by an agricultural producer." *Id.* § 9603(e)(1)(A). The continuous-release exemption renders inapplicable all of section 103, which also includes recordkeeping and other requirements, *see id.* § 9603(e)(1), yet the pesticide exemption only allows covered entities to avoid section 103(a)'s reporting requirement, *see id.* § 9603(f).

EPCRA, passed a few years after CERCLA, "establishe[d] a framework of state, regional, and local agencies designed to inform the public about the presence of hazardous and toxic

chemicals, and to provide for emergency responses in the event of health-threatening release." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 86 (1998). It set up state, local, and tribal emergency response commissions and planning committees, *see* 42 U.S.C. § 11001, and requires facilities where reportable quantities of "extremely hazardous substances" are present to comply with its emergency planning provision, *see id.* § 11002(a)(2), (b). It also requires such facilities to make available to the public, upon request, information about certain chemicals to which they may be exposed. *See id.* §§ 11021(c)(2), 11022(e)(3).

Relevant here, EPCRA section 304 also imposes "emergency notification" requirements on facilities that produce, use, or store certain "hazardous substances" under CERCLA or "extremely hazardous substances" under EPCRA, in the event of their release into the environment. 42 U.S.C. § 11004.[1] Congress "expressly tied" those reporting requirements to CERCLA's, *Waterkeeper Alliance v. EPA*, 853 F.3d 527, 533 (D.C. Cir. 2017), and they mandate emergency notification in three circumstances. Two of those circumstances—one limited to "extremely hazardous substances" and another covering any other substance, including hazardous substances—require reports whenever the "release [also] requires a notification under section 103(a) of CERCLA." 42 U.S.C. §§ 11004(a)(1), (a)(3). Thus, under EPCRA, whether or not the release is of an extremely hazardous substance, "a release that triggers the CERCLA duty also automatically trips the EPCRA reporting requirements." *Waterkeeper Alliance*, 853 F.3d at 533. A third circumstance—central to this case—requires notification "[i]f a release of an extremely hazardous

---

[1] EPA designates "extremely hazardous substances" for EPCRA purposes, *see id.* § 11002(a); 40 C.F.R. part 355, App. A, and that list differs from CERCLA's list of "hazardous substances." Some substances appear on both lists, others on only one. *See* Consolidated List of Lists, EPA (last updated October 2024), https://www.epa.gov/system/files/documents/2024-11/consolidated-list-of-lists_updated-october-2024.pdf (cross-indexing substances listed under CERCLA, EPCRA, or both).

substance . . . occurs," and "such release is not subject to the notification requirements under section 103(a) of CERCLA," but only if it "occurs in a manner which would require notification under section 103(a) of CERCLA."  42 U.S.C. § 11004(a)(2)(C).[2]

In 1987, EPA promulgated a rule "clarify[ing]" the connection between the two statutes' reporting exemptions.  *See* 52 Fed. Reg. 13378, 13381 (Apr. 22, 1987) ("1987 Rule").  Among other things, the 1987 Rule provided that "continuous releases," which, as noted, "are not subject to reporting under CERCLA section 103(a)," likewise are not reportable under EPCRA section 304(a)(2) "[b]ecause such releases do not 'occur in a manner' which requires immediate release reporting" under CERCLA.  *Id.* at 13384.[3]  EPA also clarified that "[t]he application of a registered pesticide," which is exempt from CERCLA's section 103(a) reporting requirement, thus is "also exempt from release reporting under" EPCRA.  *Id.* at 13385.  And the four types of releases excluded from CERCLA's "release" definition "are also excluded from release notification" under EPCRA.  *Id.*

In 2008, EPA issued a rule "exempting those hazardous substance releases that are emitted to the air from animal waste at farms" from CERCLA's notification requirement and, with some limitation, from EPCRA's emergency notifications.  73 Fed. Reg. 76948, 76950 (Dec. 18, 2008) ("2008 Rule").  That is, all farms were exempted from reporting such releases under CERCLA section 103, but only small farms were exempted from reporting them under EPCRA section 304.  *Id.*  So-called "concentrated animal feeding operations" would still need to report under section

---

[2] Reporting is not required, however, if the release is "federally permitted" under CERCLA or below the reportable quantity.  *See* 42 U.S.C. § 11004(a)(2)(A)–(B).

[3] EPA clarified this exemption in 1990 by codifying the definitions of "continuous" and "statistically significant increase."  55 Fed. Reg. 30166, 30179 (July 24, 1990); *see* 40 C.F.R. § 355.32.  It did so to "clarify the meaning of the statutory phrase, 'occurs in a manner which would require notification under CERCLA section 103(a).'"  55 Fed. Reg. at 30179.

5

304.  *Id.*  In promulgating the rule, EPA reasoned that reports about air emissions from animal waste were "unnecessary, burdensome, and would not likely result in 'new' information regarding emissions from farms," *id.* at 76954, and "that a response to a notification" about such releases was "unlikely and impracticable," *id.* at 76955.  Environmental groups challenged the 2008 Rule, and the D.C. Circuit vacated it in 2017, holding that EPA lacked statutory authority to carve out new reporting exemptions. *See Waterkeeper Alliance*, 853 F.3d at 534–535.

Congress responded.  A year later, it passed the Fair Agricultural Reporting Method ("FARM") Act, which amended CERCLA section 103(a) to add a new exemption for "air emissions from animal waste (including decomposing animal waste) at a farm."  Pub. L. No. 115-141, §§ 1101–03, 132 Stat. 348, 1147–48 (2018); *see* 42 U.S.C. § 9603(e)(1)(B).  Six months after the FARM Act's passage, EPA proposed a rule to exempt animal waste air emissions from EPCRA's immediate reporting requirements.  83 Fed. Reg. 56791 (Nov. 14, 2018).  Because "these types of releases no longer require notice under CERCLA section 103(a)," EPA reasoned, they did not "meet[] the requirements of EPCRA section 304(a)(1) or 304(a)(3)."  *Id.* at 56792.  Nor was reporting required under section 304(a)(2): Congress "exempted these types of releases from CERCLA reporting," so "[a]ir emissions from animal waste at farms no longer 'occur[] in a manner' that would require notification under CERCLA section 103(a)."  *Id.* at 56793.  EPA took final action on the proposal in June 2019.  84 Fed. Reg. 27533 (June 13, 2019); *see* 40 C.F.R. §§ 355.31, 355.71 ("2019 Rule").

## B.    Procedural Background

Plaintiffs, a group of environmental organizations[4], sued EPA in 2017, challenging

---

[4] Specifically, Plaintiffs are Rural Empowerment Association for Community Help, Animal Legal Defense Fund, Inc., Center for Food Safety, Don't Waste Arizona, Environmental

guidance that the agency had issued before the proposed rule. ECF No. 1. Once EPA issued the 2019 Rule, Plaintiffs amended their complaint to challenge it too. ECF No. 29. They allege that EPA's guidance and final rule violate the APA because the exemption contravenes EPCRA's "clear statutory language," which requires reporting of releases of "extremely hazardous substances" above certain quantities. *Id.* at 38–39, 40. Plaintiffs also allege that EPA acted arbitrarily and capriciously by issuing "the Final Rule without recognizing that it was changing its position," and "without substantial evidence supporting" it. *Id.* at 41. And they alleged that EPA violated NEPA by failing to conduct an environmental impact analysis. *Id.* at 41–42.[5] A group of agricultural organizations—National Cattlemen's Beef Association, National Pork Producers Council, American Farm Bureau Federation, and U.S. Poultry & Egg Association—intervened as defendants. ECF No. 46.

In 2021, the Biden administration directed federal agencies, including EPA, to "immediately review and . . . take action to address the promulgation of Federal regulations and other actions during the last 4 years that conflict with" the President's stated national objectives, including the Administration's environmental policies. ECF No. 58 at 10–11. So EPA moved for a voluntary remand without vacatur, which the Court allowed. ECF Nos. 58, 64. EPA issued a notice of proposed rulemaking, "requesting comments to assist in the potential development of regulations to reinstate the reporting of animal waste air emissions at farms" under EPCRA. 88 Fed. Reg. 80222, 80223 (Nov. 17, 2023). But soon after, the parties moved to rescind the remand based on

---

Integrity Project, Food & Water Watch, Inc., Humane Society of the United States, Sierra Club, Sound Rivers, Waterkeeper Alliance, Inc., and Center for Biological Diversity.

[5] Plaintiffs also alleged that EPA's guidance was issued in violation of the APA because it was issued without adherence to the APA notice-and-comment procedures and without the requisite administrative record or reasoned analysis. ECF No. 29 at 37–38, 39–40. The Court dismissed those claims as moot. *See* ECF No. 40.

EPA's "represent[ation] that it [wa]s not in a position to proceed with a new rulemaking."  ECF No. 81 at 2.  Plaintiffs', EPA's, and Intervenors' cross-motions for summary judgment followed.  *See* ECF Nos. 83, 86, 89.

## II.    Legal Standard

When a plaintiff "seeks review of agency action under the APA," a court has no fact-finding role; it "sits as an appellate tribunal."  *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001).  So the only question is which party is entitled to judgment as a matter of law.  Under the APA, a court must "hold unlawful and set aside agency action" that is "arbitrary, capricious, . . . or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  The court must "decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action."  *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 391 (2024) (citing 5 U.S.C. § 706).  So when deciding "whether an agency's interpretation of its governing statute is contrary to law," the court "must exercise [its] 'independent judgment' and 'apply[] all relevant interpretive tools' to reach 'the best reading of the statute.'"  *Env't Def. Fund. v. EPA*, 124 F.4th 1, 11 (D.C. Cir. 2024) (quoting *Loper Bright*, 603 U.S. at 394–95, 400).  And when evaluating a claim that agency action is arbitrary or capricious, the court asks whether the agency's action was "reasonable and reasonably explained."  *Id.* (quoting *FCC v. Prometheus Radio Project*, 592 U.S. 414, 423 (2021)).  That is, the court must ensure that the agency "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'"  *Motor Vehicle Mfrs. Ass'n of U.S., Inc., v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (citation omitted).

## III.    Analysis

Plaintiffs argue that EPA erred in three ways related to the 2019 Rule's enactment: it (1)

contravened EPCRA by concluding that animal waste air emissions are no longer reportable under Section 304(a)(2) following their exemption from CERCLA's notification requirements; (2) acted arbitrarily and capriciously by failing to consider the public's right to access information and by changing course without explanation; and (3) failed to conduct an environmental impact analysis under NPA before enacting the rule even though one was required. As explained below, the Court sides with EPA and Intervenors each time.[6]

### A.    The 2019 Rule Does Not Contravene EPCRA Section 304(a)(2) By Not Requiring Notification of Animal Waste Air Emissions From Farms

Animal waste emits substances like ammonia and hydrogen sulfide that are both CERCLA "hazardous substances" and EPCRA "extremely hazardous substances." 40 C.F.R. § 302.4; 40 C.F.R. part 355, App. A. The parties agree that such releases are not reportable under EPCRA section 304(a)(1) or (a)(3). Recall that these provisions, taken together, require emergency reports whenever a "release requires a notification under section 103(a)" of CERCLA, whether the substance is "extremely hazardous" under EPCRA or merely "hazardous" under CERCLA. 42 U.S.C. §§ 11004(a)(1), (a)(3). But section 103(a) of CERCLA no longer requires notification of air emissions from animal waste, so neither do these two EPCRA provisions. Thus, the parties agree that whether such releases are reportable under EPCRA turns on whether the third provision—section 304(a)(2)—requires it. That provision provides:

---

[6] Although EPA "does not contest standing as to all Plaintiffs," it "notes" in passing that two organizations—Sound Rivers and Waterkeeper Alliance—"allege injury based purely on presumed decreases in water quality, which the Rule does not affect" and thus they lack standing. ECF No. 86 at 13 n.2. But "[i]f one party has standing in an action, a court need not reach the issue of standing of other parties when it makes no difference to the merits." *Noel Canning v. NLRB*, 705 F.3d 490, 514 (D.C. Cir. 2013) (citation omitted). And no party disputes that the 2019 Rule "inflicts . . . informational injury" on all other plaintiffs. *Waterkeeper Alliance*, 853 F.3d at 533. As a result of EPA's allegedly unlawful decision to no longer require that releases be publicly disclosed, the organizations "no longer have a statutory right to access it." *Id.* So standing is no impediment to addressing Plaintiffs' claims.

> If a release of an extremely hazardous substance referred to in section 11002(a) of this title occurs from a facility at which a hazardous chemical is produced, used, or stored, and such release *is not subject to the notification requirements* under section 103(a) of CERCLA, the owner or operator of the facility shall immediately provide notice . . . , but only if the release—
>
> (A) is not a federally permitted release as defined in section 101(10) of CERCLA,
>
> (B) is in an amount in excess of a quantity which the Administrator has determined (by regulation) requires notice, and
>
> (C) *occurs in a manner which would require notification* under section 103(a) of CERCLA.

42 U.S.C. § 11004(a)(2) (emphases added).

Section 304(a)(2)'s first requirement—that a release is "not subject to" CERCLA section 103(a) reporting—is, as described above, just the flip side of the fact that section 304(a)(1) and (a)(3) apply only when a notification *is* required under CERCLA section 103(a). Plaintiffs and EPA, consistent with their acknowledgment that 304(a)(1) and (a)(3) do not require notifications of air emissions from animal waste, also agree that 304(a)(2)'s first requirement is fulfilled. *See* ECF No. 91 at 21; ECF No. 86 at 15, 17. Their reasoning is simple: Congress expressly exempted air emissions from animal waste. *See* 42 U.S.C § 9603(e). The Court agrees with them that the emissions at issue here—because they are expressly exempted—are "not subject to" CERCLA section 103(a)'s notification requirements for purposes of Section 304(a)(2).[7]

---

[7] Consistent with this conclusion, Plaintiffs and EPA appear to read the statute to mean that releases are "not subject to" CERCLA section 103(a) reporting for purposes of Section 304(a)(2) in either of two situations: the released substance is either not a "hazardous substance" under that statute, *see id.* § 9601(14), or the release itself is not covered by the statute, either because it is excluded from CERCLA's definition of "release," *id.* § 9601(22), or it is exempted from reporting under the pesticide, animal waste air emissions, or continuous release exemptions, *see id.* §§ 9603(e), (f). The Court agrees with this straightforward reading.

Intervenors, while still arguing that the 2019 Rule is lawful, advance a different reading of the phrase "is not subject to notification requirements under [CERCLA] section 103(a)," which

The parties also agree that air emissions from animal waste at farms can satisfy Section 304(a)(2)'s provisions (A) and (B)—they are not federally permitted releases and can occur above the reportable quantity.  Thus, narrowed further, what remains of the dispute is whether these releases "occur[] in a manner which would require notification under section 103(a)."  If these emissions occur in such a manner, then reporting is required, and the 2019 Rule contravenes EPCRA.  If the emissions do not occur in such a manner, reporting is not required, and the 2019 Rule does not contravene EPCRA.

Congress did not specify further in EPCRA what it means for a release to "occur in a manner" that would trigger section 103(a) reporting.  So the Court "affords" that phrase "its ordinary or natural meaning."  *HollyFrontier Cheyenne Refin., LLC v. Renewable Fuels Ass'n*, 594 U.S. 382, 388 (2021) (citation omitted).  Whether the Court looks to the present definition of "manner" or that in 1986 when Congress passed EPCRA, its meaning is the same.  The word means "kind," "sort," "nature," "character," and "condition," *Manner*, Webster's Third Int'l Dictionary 1376 (1986), or simply "the way in which something occurs."  *Manner*, Oxford English Dictionary III.9.a., https://perma.cc/X7E3-G9W9.

Still in lockstep, Plaintiffs and EPA agree that what matters is the nature of the release, or the way in which a substance is released into the environment.  ECF No. 93 at 7; ECF No. 91 at 12.  And the parties also seem to agree that CERCLA's definition of "release" supplies at least

---

then informs their interpretation of the phrase "occurs in a manner which would require notification."  ECF No. 89 at 17–18.  They argue that the first phrase means only that "a substance is not listed as a 'hazardous substance' under CERCLA."  *Id.*  This reading is inconsistent with Intervenors' own position—noted above—that for purposes of EPCRA section 304(a)(1) and (a)(3), a release *requires* "notification under section 103(a) of CERCLA if it involves a 'hazardous substance' (within the meaning of CERCLA) *and* none of the exemptions from CERCLA section 103(a) reporting apply."  ECF No. 89 at 17 (emphasis in brief).  And more to the point, it conflicts with what CERCLA's plain text says about when its notification requirements kick in, which depends on much more than whether a substance is listed as hazardous.

part of the answer: "any spilling, leaking, pumping, pouring, emitting, emptying, discharging, in-jecting, escaping, leaching, dumping, or disposing into the environment" is subject to immediate reporting.  42 U.S.C. § 9601(22).  The nature of reportable "releases" is even further refined within that statutory provision: "any release which results in exposure to persons solely within a work-place," "emissions from engine exhaust or motor vehicle," certain releases from nuclear waste incidents, and "the normal application of fertilizer" are not reportable.  *Id.*

At first, Plaintiffs argue that the inquiry ends there.  They say that because CERCLA's "release" definition sets out the "manner[s]" in which a substance may enter the environment, if a release meets that definition, it therefore "occurs in a manner which would require notification under section 103(a) of CERCLA."  ECF No. 83-1 at 19–20.  Thus, if such releases also satisfy section 304(a)'s other requirements, then they must be reported under EPCRA.  *See id.*  Applied here, because air emissions from animal waste are "emit[ed] . . . into the environment," 42 U.S.C. § 9601(22), and are not types of releases excluded from CERCLA's "release" definition, Plaintiffs contend that those releases "occur[] in a manner which would require notification" under CER-CLA, ECF No. 83-1 at 19–20.

The problem for Plaintiffs, though, is that the definition of "release" in section 9601(22) is not the only way in which CERCLA sketches out what "manner" of release requires reporting.  Before turning to the animal waste provision at issue, consider section 103(f).  It exempts from immediate reporting any release that is "continuous" and "stable in quantity and rate," so long as other notification requirements are met.  42 U.S.C. § 9603(f)(2).  A release that "occurs in [that] manner" would not "require notification under section 103(a)," even if it is not excluded from CERCLA's release definition.  Indeed, EPA clarified in the 1987 Rule that CERCLA's continu-ous-release exemption carries over to EPCRA for that very reason.  *See* 52 Fed. Reg. at 13384

("continuous releases" are "not reportable under section 304" because "such releases do not 'occur in a manner' which requires immediate reporting under section 103(a)").

Thus, as this example shows they must, Plaintiffs concede in their reply that Congress can further modify what "manner[s]" of release require reporting under CERCLA. *See* ECF No. 91 at 12–15. "By incorporating and modifying the manners of release that require notification under CERCLA," they acknowledge, Congress "identifie[d] a manner of release"—releases that occur "with a certain frequency"—that do not "occur in a manner" requiring section 103(a) reporting and so do not trigger EPCRA section 304(a)(2) reporting. *Id.* at 13. Plaintiffs agree that "Congress can narrow the manners of release that require notification under CERCLA" not only "by creating an exemption from CERCLA's definition of 'release'" but also by "creating an exemption . . . that incorporates and modifies the manners of release that require notification." *Id.* at 15.

That spells trouble for Plaintiffs—because it is what Congress did in enacting the FARM Act's exemption for "air emissions from animal waste . . . at a farm." 42 U.S.C. § 9603(e)(1)(B). That exemption expressly "incorporates" a manner of release—"emitting"—and modifies it by specifying that substances emitted *from* animal waste at a farm *into the air* do not require reporting. That is, releases of this "nature," or substances released into the environment "in this way," do not require reporting, although the same substances in animal waste released into the environment in a different manner—for instance, dumping animal waste into a waterway—do. Contrast that exemption with CERCLA's exemption for petroleum. *Id.* § 9601(14). There, Congress specified no way in which petroleum is released into the environment; instead, it excluded such releases from CERCLA section 103(a) reporting generally—meaning they may still require reporting under EPCRA section 304(a)(2). *See* 84 Fed. Reg. at 27536.

Plaintiffs argue that emitting "into the air . . . describes the *destination* of emissions, not

'the manner in which [they] enter the environment.'" ECF No. 91 at 18 (emphasis in brief). But that is too cramped a view of what it means to "occur[]" in a "manner." 42 U.S.C. § 11004(a)(2). Again, Congress specified in section 9603(e)(1)(B) that substances emitted *from* animal waste *into the air* do not require reporting. The source and the destination of the substances at issue—the "from" and the "to"—are just as much a part of the "nature" of the release or the "way in which" the substances reach the environment as is the fact that they are emitted. All the more telling, Plaintiffs elsewhere argue that Congress "narrow[ed]" a "manner[] of release" by exempting "emissions from the engine exhaust of a motor vehicle" from CERCLA reporting and thus from EPCRA's notification requirements. ECF No. 91 at 15. They do not explain how Congress could properly narrow "the manner[] of release" there by specifying the emitted substance's source (and implicitly, its destination, because a motor vehicle's exhaust is invariably emitted into the air) but that here, Congress could *not* narrow the manner of release by specifying the substance's source and (explicitly) its destination. Plaintiffs concede that "emissions from engine exhaust of a motor vehicle" do not "occur[] in a manner which would require notification under section 103(a) of CERCLA." So too here with respect to "air emissions from animal waste." Thus, the 2019 Rule does not contravene EPCRA.[8]

 EPA's regulations reinforce this reading of the text. Though of course not controlling,

---

[8] Intervenors, building on their misreading of phrase "is not subject to notification requirements under [CERCLA] section 103(a)," understand the phrase "occurs in a manner which would require notification" to ask only whether the release would require notification under CERCLA "if that substance were also listed as a 'hazardous substance' under" that statute. ECF No. 89 at 18 (emphasis omitted). But under that reading, all CERCLA exemptions would automatically carry over to EPCRA, which is inconsistent with its text. As EPA notes, it would "render the phrase 'occurs in a manner' to be a nullity." ECF No. 93 at 11. If an automatic carry-over were what Congress had intended, it could have required reporting under section 304(a)(2) "only if the release . . . would require notification under section 103(a) of CERCLA"—or it could have omitted section 304(a)(2) altogether.

"interpretations issued contemporaneously with [the enactment of] the statute at issue, and which have remained consistent over time," are still helpful.  *See Loper Bright*, 603 U.S. at 394; *Skidmore v. Swift & Co.*, 323 U.S. 134, 139–40 (1944).  And here, EPA's decades-old interpretation of the interplay between CERCLA section 103 and EPCRA section 304 mirrors its treatment of CERCLA's exemption for air emissions from animal waste and corresponds with the statutory language.  In the 1987 Rule, as explained, EPA clarified that CERCLA's reporting exemption for continuous releases applies equally to EPCRA because "such releases do not 'occur in a manner' which requires immediate release reporting under section 103(a) of CERCLA."  52 Fed. Reg. at 13384; *see* 40 C.F.R. § 355.32; *see also* 55 Fed. Reg. at 30179 (1990 Rule codifying definitions of "continuous" and "statistically significant" and explaining that "continuous and stable" releases "do not occur in a manner that requires notification under CERCLA section 103(a)").  In that rule, EPA also carried over CERCLA's exemption for the "application of a registered pesticide generally in accordance with its purpose" and the statute's exemptions for the "types of releases" excluded from CERCLA's "release" definition."  52 Fed. Reg. at 13385; *see* 40 C.F.R. §§ 355.31(c), (d).  But releases of "petroleum," EPA noted, may still require EPCRA reporting because petroleum is excluded from CERCLA's "hazardous substance" definition yet "no such exclusion exists" under EPCRA.  52 Fed. Reg. at 13385.  So where CERCLA exempts a release based on the "way in which" it occurs—but not where it exempts only a specific substance—EPA has consistently considered it not to occur in a manner which would require notification under section 103(a) for purposes of EPCRA's section 304(a)(2).  The 2019 Rule follows that rationale.

Plaintiffs make much of the fact that, in 2008, EPA purported to exempt all animal feeding operations from CERCLA reporting but "continued to require the largest AFOs . . . to report emissions under EPCRA."  ECF No. 91 at 25.  In their view, EPA "clearly understood" then "that a

15

CERCLA exemption does not require a parallel exemption under EPCRA." *Id.* at 25–26.  But the 2008 Rule is irrelevant to EPA's treatment of the two statutes' interplay or its interpretation of EPCRA section 304(a)(2): at that time, there was no statutory exemption for air emissions from animal waste farms.  EPA instead reasoned that "reports" of those releases were, for the most part, "unnecessary," and the agency relied on "*unrelated* exemptions" as evidence that it "c[ould] create *new* exemptions like those in the *Final Rule*." *Waterkeeper Alliance*, 853 F.3d at 530, 534 (emphases in original).  And the D.C. Circuit held that EPA lacked authority to do that—none of the "provisions even hint[ed] at the type of reporting exemption the EPA adopted." *Id.* at 535.  So the 2008 Rule does not, as Plaintiffs suggest, "prove" that EPA has inconsistently interpreted EPCRA section 304.  ECF No. 91 at 25.

Plaintiffs also put too much weight on EPA's actions in this litigation—that it moved for a remand to "initiate a new rulemaking to revise or rescind the [2019] Rule."  ECF No. 91 at 26. That makes no sense, Plaintiffs contend, "if EPA understood EPCRA to *require* an exemption for air emissions from animal waste." *Id.*  But EPA's motion for a remand followed the Biden administration's directive to "review" and "take action to address" all regulations promulgated by the prior administration "that conflict[ed] with" the new administration's objectives.  ECF No. 58 at 10–11.  Beyond that, the Court will not speculate what motivated EPA's request for a remand, but simply decide the question before it.

For these reasons, CERCLA's exemption for air emissions from animal waste at farms— an exemption targeting the "nature" of such releases, or the "way in which" these releases happen—means that such releases do not "occur in a manner" that requires section 103(a) reporting for purposes of EPCRA's section 304(a)(2).  Thus, EPA's 2019 Rule does not contravene EPCRA.

**B.    The 2019 Rule Is Not Arbitrary or Capricious**

Plaintiffs argue that the EPA acted arbitrarily and capriciously in enacting the 2019 Rule.

16

"An agency decision is arbitrary and capricious if it 'relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" *Cablevision Sys. Corp. v. FCC*, 649 F.3d 695, 714 (D.C. Cir. 2011) (quoting *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43).

EPA did not act arbitrarily and capriciously in eliminating the EPCRA reporting requirement in the 2019 Rule. It explained that the 2019 Rule exempting from EPCRA reporting air emissions from animal waste at farms responded to Congress's passage of the FARM Act and was "based on the relationship of the EPCRA section 304 reporting requirements to the CERCLA section 103 reporting requirements." 84 Fed. Reg. at 27535. "EPCRA Section 304(a)(2) promotes consistency between" those requirements, EPA reasoned, "by ensuring that only releases that 'occur[] in a manner' that would require CERCLA notification be reported under EPCRA." *Id.* And because Congress "exempted" from section 103 reporting "releases of a certain kind of manner," EPA explained that "these types of releases" "no longer 'occur[] in a manner' that would require notification" and thus are exempt from EPCRA section 304 reporting. *Id.* at 27535, 27540. EPA also considered—and rejected—arguments in opposition, including that the proposed rule contradicted "the plain language of EPCRA and CERCLA" and clashed with the FARM Act's legislative history. *See id.* at 27538–40. EPA's 2019 Rule is consistent with the best reading of section 304(a)(2) and "provides a reasoned explanation" for exempting animal waste air emissions from EPCRA's emergency notification requirement. *Env't Def. Fund*, 124 F.4th at 5. Thus, the 2019 Rule is not arbitrary or capricious.

Plaintiffs argue that "EPA entirely failed to consider" what Plaintiffs say is EPCRA's

"central premise": "the public's right to access information about releases of extremely hazardous substances." ECF No. 83-1 at 25–26; ECF No. 91 at 31. The Court agrees that "the public's right to access information concerning potential chemical hazards in their communities" underlies several of EPCRA's provisions. *Nat'l Oilseed Processors Ass'n v. Browner*, 924 F. Supp. 1193, 1197 (D.D.C. 1996); *see* 42 U.S.C. §§ 11021(c)(2), 11022(e)(3), 11044(a). But it is not EPCRA's "only goal, and Congress did not pursue [it] to the *n* th degree." *Holder v. Martinez Gutierrez*, 566 U.S. 583, 594 (2012). Together with CERCLA, "EPCRA" also "establishes a framework of state, regional, and local agencies designed . . . to provide for *emergency response* in the event of health-threatening release." *Steel Co.*, 523 U.S. at 86 (emphasis added). Section 304 is a key component. As EPA explained when it published the 2019 Rule, "[t]he basic purpose of emergency release notification requirements under EPCRA section 304 is for facilities to inform state and local agencies of accidental releases so that these agencies can exercise the local emergency response plan if necessary." 84 Fed. Reg. at 27538. And to *that* end, Congress "expressly tied" EPCRA's emergency reporting requirements to CERCLA's. *Waterkeeper Alliance*, 853 F.3d at 534; *see* H.R. Conf. Rep. 99-962, 284, *reprinted in* 1986 U.S.C.C.A.N. 3276, 3377. EPA considered this interplay and concluded, consistent with the statutory text, that Congress's CERCLA exemption for air emissions from animal waste at farms meant such releases were also exempted from EPCRA section 304 reporting. EPA had no leeway to consider the public's right to access information. Nor could it "rewrite [the] statute's plain text to correspond to" EPCRA's other "purposes." *Landstar Exp. Am., Inc. v. Fed. Mar. Comm'n*, 569 F.3d 493, 498 (D.C. Cir. 2009). EPA acknowledged as much in its response to public comments, explaining that "[c]omments regarding information availability or data availability are outside the scope of this rulemaking," which was "a statutory matter." ECF No. 86-1 at 24.

Trying a different tack, Plaintiffs contend that "[t]he 2019 Rule represents an about-face" that EPA failed to adequately explain. ECF No. 83-1 at 27. Plaintiffs again point to the 2008 Rule, where EPA supposedly "understood that an exemption from CERCLA did *not* require an exemption from EPCRA" because it continued to require large animal feeding operations to report animal waste air emissions under EPCRA. *Id.* But the Court has already explained why the vacated 2008 Rule is irrelevant—EPA did not purport to interpret EPCRA section 304(a) in exempting these releases. So EPA could not have "changed its interpretation of EPCRA" since then. ECF No. 83-1 at 27. Moreover, because it was Congress, not EPA, that exempted air emissions from animal waste from CERCLA's reporting requirements—and thus from EPCRA's notification scheme—it is also irrelevant whether EPA saw good reason to continue EPCRA reporting for a subset of farms in 2008. *Id.*

### C.    NEPA Did Not Require EPA to Evaluate the Environmental Effects of the 2019 Rule

Plaintiffs' final challenge to the 2019 Rule—that EPA flouted NEPA—fares no better. ECF No. 83-1 at 28–30. EPA and Intervenors are right that NEPA does not apply. ECF No. 86 at 26; ECF No. 89 at 31. "[I]ntended to reduce or eliminate environmental damage," NEPA imposes certain "procedural requirements on federal agencies with a particular focus on requiring [them] to undertake analyses of the environmental impact of their proposals and actions." *DOT v. Public Citizen*, 541 U.S. 752, 756–57 (2004) (citation omitted). At times, agencies must prepare an Environmental Impact Statement ("EIS") detailing, among other things, the environmental impact of the proposed action, any unavoidable adverse environmental effects, and alternatives to the proposed action. 42 U.S.C. § 4332(2)(C). But a caveat dooms Plaintiffs' claim: when "an agency has no ability to prevent a certain effect due to its limited statutory authority over the relevant action," NEPA does not apply. *See Public Citizen*, 541 U.S. at 770. Simply put, if the agency lacks

19

"discretion to affect the outcome of its actions," then "the information that NEPA provides can have no [e]ffect on the agency's action." *Citizens Against Rails–to–Trails*, 267 F.3d 1144, 1151 (D.C. Cir. 2001); *see Sierra Club v. FERC*, 867 F.3d 1357, 1372 (D.C. Cir. 2017) ("An agency has no obligation to gather or consider environmental information if it has no statutory authority *to act on that information*." (emphasis in original)).

Take *Sierra Club v. FERC*, where the D.C. Circuit held that the Federal Energy Regulatory Commission, in licensing upgrades to liquefied natural gas terminals, need not evaluate climate-change effects of exporting natural gas. 827 F.3d 36, 47 (D.C. Cir. 2016). Relying on *Public Citizen*, the Court reasoned that the Commission had no legal authority to consider the environmental effects of those exports and thus no NEPA obligation stemming from those effects. *Id.* In *Sierra Club v. Department of Agriculture*, by contrast, the agency could not skirt NEPA's requirements in approving and financially assisting the expansion of a power plant because it could condition its approval on "[a]ny . . . such terms and conditions as [the agency], in its sole discretion, may require at such time." 777 F. Supp. 2d 44, 64–66 (D.D.C. 2011). That "discretion g[ave] the agency sufficient leverage to take environmental impacts of its actions into account when making decisions," so NEPA applied with full force. *Id.* at 66.

This case is just like *Public Citizen* and *Sierra Club v. FERC*. As explained above, Congress's exemption for air emissions from animal waste at farms from CERCLA section 103 reporting means those releases are also exempt from EPCRA section 304 notification. "[A]ll of EPCRA's reporting mandates are piggybacked on the CERCLA mandates," *Waterkeeper Alliance*, 853 F.3d at 533, and the statute gives EPA no discretion to consider environmental effects. It "simply lack[ed] the power to act on whatever information might be contained in [an] EIS," *Public Citizen*, 541 U.S. at 768, because "the FARM Act compelled EPA to issue the [2019] Rule." ECF

No. 93 at 14; ECF No. 94 at 16.  So EPA "ha[d] no obligation to gather or consider environmental information" and thus did not run afoul NEPA.  *Sierra Club*, 867 F.3d at 1372.

## IV.    Conclusion

For all the above reasons, the Court will deny Plaintiffs' Motion for Summary Judgment, grant EPA's and Intervenors' Motions for Summary Judgment, and enter judgment for EPA and Intervenors.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: August 7, 2025

21

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RURAL EMPOWERMENT ASSOCIATION
FOR COMMUNITY HELP, et al.,

      *Plaintiffs*,

    v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,

      *Defendants*,

    and

NATIONAL CATTLEMEN'S BEEF ASSO-
CIATION, et al.,

      *Intervenor-Defendants*.

Civil Action No. 18-2260 (TJK)

## ORDER

For the reasons set forth in the Court's accompanying Memorandum Opinion, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment, ECF No. 83, is **DENIED**, and EPA's

and Intervenors' Motions for Summary Judgment, ECF Nos. 86 and 89, are **GRANTED**.  It is

further **ORDERED** that judgment is **ENTERED** in EPA's and Intervenors' favor.  This is a final,

appealable order.  The Clerk of Court is directed to close the case.

    **SO ORDERED**.

             /s/ Timothy J. Kelly
             TIMOTHY J. KELLY
             United States District Judge

Date: August 7, 2025